█ MARIO OSTA, Appellant, v. EARL H. JARRETT et al., Doing Business as EDGEWOOD VILLAGE, Respondents.— STALEY, JR., J. Appeal from a judgment of Special Term, Albany County, granting summary judgment in favor of the defendants dismissing plaintiff's complaint. The plaintiff seeks specific performance of a certain alleged agreement for the purchase and sale of real property located in the Town of Guilderland, Albany County, New York. The complaint alleges that on September 24, 1965, the defendant, Jarrett, signed a binder agreement for the sale of said real property and received from the plaintiff a check in the sum of $500 payable to both defendants, which they both indorsed and cashed. The binder agreement provided as follows: " September 24, 1965 Received of Mario Osta Five Hundred ($500.00) to be applied towards purchase price of Twenty-Five Thousand ($25,000) Dollars for purchase of lands on Fuller Station Road, Guilderland, New York. This agreement to be followed by more formal contract specifying total down payment of Eight-Thousand ($8,000.00) Dollars. Earl H. Jarrett ". The complaint further alleges that the defendants authorized and permitted the plaintiff to enter into possession of the premises pending the execution of a formal agreement and the closing of title, and that thereafter, the defendants failed and refused to execute a formal agreement for the purchase and sale of the said premises. The plaintiff also alleges that he was ready, willing and able to complete the transaction; that he so advised the defendants; and that he offered to execute the necessary agreements and bonds and mortgages as had been agreed to between the parties. Defendant Jarrett, in his answer, alleges as a first affirmative defense that the binder was never intended to be binding until followed by a formal contract of sale; that his attorney prepared a formal agreement which the plaintiff refused to execute; and that plaintiff attempted to vary the terms of the proposed formal agreement. He further

alleges, as a second affirmative defense, that the binder was legally insufficient and legally unenforcible. Defendant Sisk, in his answer, denies that he had anything to do with the alleged agreement; that defendant Jarrett had no authority to act on his behalf; and that the alleged agreement was not subscribed by defendant Sisk nor by his lawful agent. The principal issue presented is whether or not the binder agreement complies with the provisions of subdivision 2 of section 5-703 of the General Obligations Law which requires that a contract for the sale of real property, expressing the consideration for the sale, be in writing subscribed by the party to be charged or by his lawful agent thereunto authorized by writing and, if not, said contract is void. Although the plaintiff alleges that he offered "to execute * * * Bonds and Mortgages as had been agreed to between the parties", the record does not support any finding to establish terms or provisions of any contemplated purchase-money mortgage agreed upon between the plaintiff or either defendant. This was an omission of a material element of the contract which the parties never agreed upon. "If a material element of a contemplated contract is left for further negotiations, there is no contract enforceable under the Statute of Frauds or otherwise." (*Ansorge* v. *Kane*, 244 N. Y. 395, 398; *Willmott* v. *Giarraputo*, 5 N Y 2d 250.) Under the circumstances, the binder agreement does not satisfy the requirements of the Statute of Frauds and is, therefore, void. On this appeal the appellant for the first time raises the issue of part performance and states in his brief that he contracted for substantial surveying services to prepare the site, and brought heavy construction equipment to the site which was operated over a period of several weeks and physically altered the site. These statements are wholly outside of the record and are conspicuously absent from the affidavit in opposition to the motion made by plaintiff's attorney and not by a person having personal knowledge of the facts making it wholly insufficient and without probative value. (*Di Sabato* v. *Soffes*, 9 A D 2d 297; *Ross* v. *Continental Ins. Co.*, 25 A D 2d 702; *Wick* v. *Cornrich Beverage*, 27 A D 2d 595.) There is no legal basis for considering the assertion of part performance on the record herein, and the complaint was properly dismissed. Judgment affirmed, with costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.