■ INNIS WILLIAMS, JR., Appellant, v SHELDON COHN, Respondent.—In an action to recover damages for breach of contract for the sale of real property, plaintiff appeals from (1) an order of the Supreme Court, Orange County, dated October 6, 1975, which (a) granted defendant's motion to dismiss the complaint and (b) denied his cross motion for summary judgment and (2) a further order of the same court, dated October 28, 1975, which denied his motion for leave to reargue. This appeal brings up for review so much of a third order of the same court, dated December 1, 1975, as, upon reargument, adhered to the original determination in the order of October 6, 1975. Appeal from the order dated October 6, 1975 dismissed. That order was superseded by the order dated December 1, 1975, which granted reargument. Appeal from the order dated October 28, 1975 dismissed. No appeal lies from an order denying reargument. Order dated December 1, 1975 modified, by adding thereto, after the date "October 6, 1975", the following: "except insofar as defendant's motion to dismiss the action as barred by the Statute of Frauds (General Obligations Law, § 5-703) was granted, and the said motion to dismiss is denied, with leave to raise the defense of the Statute of Frauds in a responsive pleading, if defendant be so advised." As so modified, order affirmed insofar as reviewed. Defendant's time to answer is extended until 20 days after entry of the order to be made hereon. Plaintiff is awarded one bill of $50 costs and disbursements to cover the appeals. With respect to the enforceability of the contract of sale, we are of the opinion that, regardless of whether defendant's purported agent had written authority to execute the agreement in defendant's name, a factual question has been raised by the affidavits as to defendant's possible ratification of the agreement in writing, sufficient to take the case out of the Statute of Frauds (see *Simmons v Westwood Apts. Co.,* 46 Misc 2d 1093, affd 26 AD2d 764; *Lancaster at Fresh Meadow v Suderov,* 6 Misc 2d 12, affd 5 AD2d 1015; 37 CJS, Statute of Frauds, § 214). Since the facts surrounding the execution of the alleged ratifying instrument are within the exclusive knowledge of defendant and his purported agent, it is only proper to accord plaintiff the opportunity to develop those facts at a trial of the issues (cf. *Gale-Oppenheimer v Weinstein,* 36 AD2d 536). Latham, Acting P. J., Damiani, Christ, Shapiro and Titone, JJ., concur.