■ ELLICE FATOULLAH, Appellant, v AARON SCHNEIDER et al., Respondents. (Action No. 1.) ELLICE FATOULLAH, Appellant, v AARON SCHNEIDER et al.,

Respondents. (Action No. 2.) — Appeals from two orders of the Supreme Court at Special Term (Torraca, J.), entered February 10, 1984 and April 17, 1984 in Columbia County, which, *inter alia,* granted defendants' motions to dismiss the complaints in the two actions. ¶ On August 12, 1983, plaintiff and defendant Aaron Schneider signed a document which was purportedly an agreement for the sale of real property owned by defendants Schneider and his wife. The document identifies the parties and the subject property, states the price to be paid and is signed by plaintiff and Aaron Schneider. The document failed to specify the amount of money required for the mortgage in the mortgage contingency clause. Moreover, the document recited that "[i]f a contract of sale satisfactory to both parties is not executed by the time specified, said deposit is to be returned to me and any obligation of either party hereto shall thereby be terminated", but failed to specify any time for execution of the contract, although a closing date of "10 October 1983 or before" was listed. No contract of sale was ever signed by the parties and, after defendants failed to convey to plaintiff, an action for specific performance and damages was commenced by plaintiff. Special Term found that the document failed to satisfy the Statute of Frauds and granted defendants' motion to dismiss the complaint. Meanwhile, because of alleged problems with the service of the first complaint, plaintiff commenced a second action, which was essentially the same as the first and which was ultimately dismissed by Special Term because of the pendency of the first action. From the orders entered on these decisions, plaintiff has appealed. ¶ We disagree with Special Term that the failure of the parties to include the amount of money required for the mortgage in the mortgage contingency clause renders the document insufficient under the Statute of Frauds (General Obligations Law, § 5-703) as a matter of law (see *Rohrwasser v Al & Lou Constr. Co.,* 82 AD2d 1008, 1009). We agree with Special Term, however, that plaintiff is not entitled to the remedies sought. The document required that unless a contract of sale was executed by the parties, the obligations of the parties would be terminated. No contract of sale was ever executed by the parties and, thus, under the express terms of the document, the parties were without obligation to each other. That no date was specified for the execution of the contract does not require a different result for we can infer that the date set for closing, October 10, 1983, acted as a deadline for the execution of the contract (see *N. E. D. Holding Co. v McKinley,* 246 NY 40, 45). Inasmuch as plaintiff has not specifically raised the issue of anticipatory repudiation by defendants, we are foreclosed from addressing this issue and considering the effect of such on the outcome of the appeal in the first action. With these facts prevailing, we further conclude that the complaint in the second action was properly dismissed. ¶ Orders affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.