■ GIULIO C. MONACO, Appellant, v BRIAN NELSON, Respondent, et al., Defendants.—In an action, *inter alia,* for specific performance of a contract for the sale of land, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Rockland County (Coppola, J.), dated August 19, 1985, which, after a nonjury trial, dismissed the complaint.

Order and judgment affirmed, with costs.

On or about January 4, 1982, the plaintiff as vendee, and the respondent as vendor, signed a "Binder Agreement" pursuant to which the respondent proposed to sell to the plaintiff certain property in Rockland County for the sum of $50,000. One per cent, or $500, of the purchase price was paid to the respondent at the time the binder was signed. The binder provided that this amount "except for 250 Dollars shall be refunded to the Buyer in the event [that] a contract to purchase said property containing the usual terms and conditions is not signed by the Buyer within 45 days of the execution of the Binder Agreement".

From January to June of 1983, the parties exchanged several contracts concerning the property. In February or March 1983, the respondent submitted to the plaintiff a contract containing a rider with various provisions and stated that the plaintiff had five days in which to accept. The plaintiff did not accept, but signed and submitted his own signed contract and rider in May. The respondent refused to sign the plaintiff's contract, but made a number of changes in it, and then signed and submitted the amended contract. The respondent's alterations were unacceptable to the plaintiff, who made additional changes, which were in turn rejected by the respondent. The respondent then informed the plaintiff that he would have until June 24, 1983, to accept the respon-

dent's earlier, amended contract, or the offer to sell would be withdrawn. The deadline passed without the plaintiff having accepted the respondent's contract, and the respondent advised the plaintiff that he considered the offer null and void. On July 8, 1983, the plaintiff wrote to the respondent and demanded that he return the money deposited as a binder. The respondent then sent the plaintiff a check for $250, but on condition that it be held in escrow pending the plaintiff's execution of a general release. The plaintiff returned the check, stating that he refused to execute a release, and that he was entitled to the full $500 deposited on the binder in January 1982.

Thereafter, the plaintiff commenced the instant action for, *inter alia,* specific performance of the contract, alleging that the binder constituted the entire agreement between the parties, and that the entering into a more formal contract was merely a ministerial act. Following a nonjury trial, the court, *inter alia,* dismissed the complaint on the merits, finding that under all of the circumstances of the case, there had never been a meeting of the minds between the parties. We agree and affirm.

Generally, a binder can be enforced as a contract where it identifies the parties, describes the subject matter, states the essential terms and is signed by the party to be charged *(see, Birnhak v Vaccaro,* 47 AD2d 915; *Dickson v Mitchell,* 87 AD2d 697; General Obligations Law § 5-703 [2]). In the instant case, while the binder in question would appear to meet these requirements in large part, there are additional factors here which indicate that there was no meeting of the minds between the parties, and that specific performance should not be granted.

First, contrary to the plaintiff's contention that the binder represented the full agreement and that the signing of the contract was merely a ministerial act, the provision in the binder for the return of part of the deposit should the plaintiff fail to sign a contract within the requisite period indicates an intent not to be bound until the signing of a formal contract *(see, Belbird Realty Corp. v Wolfson,* 221 App Div 67, *affd* 248 NY 615; *see also, Fatoullah v Schneider,* 103 AD2d 957; *Brause v Goldman,* 10 AD2d 328, 332, *affd* 9 NY2d 620). The exchange of contracts following the execution of the binder is further evidence that the binder itself did not constitute the full agreement of the parties, and therefore should not be enforced. Finally, the plaintiff's demand for the return of the binder deposit following the irreparable breakdown of contract

negotiations is convincing evidence that the parties never intended to be bound outside of a formal contract, but would be limited, should negotiations fail, to the remedy provided by the binder for that contingency.

On these facts, the plaintiff was not entitled to specific performance, as the binder did not represent the full agreement of the parties, nor does it appear that the parties intended to be bound before they signed a formal contract. Lazer, J. P., Niehoff, Kooper and Spatt, JJ., concur.