■ SADIQUE JAFFER et al., Respondents-Appellants, v EDWARD MILES et al., Appellants-Respondents.—In an action, *inter alia,* for specific performance of an alleged contract for the sale of land, (1) the defendants sellers appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Ferraro, J.), entered April 1, 1987, as denied their motion to dismiss the complaint and to vacate the lis pendens filed upon the subject property and (2) the plaintiffs purchasers cross-appeal from so much of the same order as failed to grant them summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the defendants' motion, and substituting therefor a provision granting the defendants' motion and dismissing the complaint; as so modified, the order is affirmed, with costs to the defendants.

The parties executed a memorandum which set forth various terms of the sale agreement and expressly stated that the agreement was subject to the parties entering into a formal contract of sale. Following continued but fruitless negotiations, the plaintiffs sought to enforce the memorandum as a complete and final contract.

Where there is an understanding that a formal contract is to follow a memorandum and essential terms have been omitted or left for future negotiations, the memorandum is insufficient to satisfy the Statute of Frauds (see, *Willmott v Giarraputo,* 5 NY2d 250; *Sheehan v Culotta,* 99 AD2d 544; General Obligations Law § 5-703 [2]). The circumstances leading to the signing of the memorandum, the terms contained therein and the subsequent negotiations by the parties, viewed together, compel the conclusion that the memorandum was not intended to constitute a full and binding agreement (see, *Monaco v Nelson,* 121 AD2d 371). Moreover, the memorandum omitted material and essential terms which were the subject of subsequent negotiation. For example, it contained incomplete mortgage terms, omitted provisions for a down payment and default and failed to mention that the agreement was conditioned upon subdivision approval. Accordingly, the memorandum is unenforceable as a matter of law. Brown, J. P., Lawrence, Weinstein and Eiber, JJ., concur.