■ DIKRAN HAZIRJIAN et al., Appellants, v MICHAEL C. REILLY et al., Respondents. (And a Third-Party Action.)—In an action for specific performance of an alleged contract for the sale of real property, the plaintiffs appeal (1) from an order of the Supreme Court, Orange County (Patsalos, J.), dated February 29, 1988, which granted the defendants' motion for summary judgment dismissing the complaint and denied their cross motion to dismiss the affirmative defenses raised in the answer and for summary judgment, and (2) from an order of the same court, dated April 15, 1988, which incorporated the terms of the order dated February 29, 1988 and granted the further relief of canceling the notice of pendency.

Ordered that the appeal from the order dated February 29, 1988 is dismissed, as that order was superseded by the resettled order dated April 15, 1988; and it is further,

Ordered that the resettled order dated April 15, 1988 is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

On or about February 17, 1985, the parties entered into an "offer to purchase" agreement pursuant to which the defendants proposed to sell their home in Orange County to the plaintiffs for the sum of $95,000 "[s]ubject to engineers report by February 28, 1985", and to the approval of counsel for the

respective parties. A deposit of $500 was paid to the defendants at the time the agreement was entered into, which was to be refunded in the event any of the contingencies provided therein could not be met. The agreement further provided that the parties were to enter into a contract on or before February 28, 1985, at which time an additional payment of $4,500 was to be given to the defendants with the remaining $90,000 on the purchase price payable at closing. No formal contract was prepared or executed within the time specified in the agreement nor was the approval of the agreement by the defendants' counsel ever obtained. Thereafter, the defendants notified the plaintiffs that for personal reasons they were taking their house off the market.

The plaintiffs then instituted this action for specific performance of the "offer to purchase" agreement dated February 17, 1985. The defendants moved for summary judgment dismissing the complaint, contending that the purchase offer was merely an "agreement to agree" which was insufficient to satisfy the Statute of Frauds. The plaintiffs cross-moved for summary judgment which the defendants opposed on the ground that the plaintiffs failed to demonstrate their financial ability to purchase the subject premises. The Supreme Court granted judgment in favor of the defendants finding the action barred by the Statute of Frauds. We agree and affirm.

The "offer to purchase", dated February 17, 1985, and signed by the parties, failed to satisfy the requirements of the Statute of Frauds (General Obligations Law § 5-703 [2]) since it was made subject to certain conditions and provided for the return of the deposit should the conditions not be met (see, Willmott v Giarraputo, 5 NY2d 250; Jaffer v Miles, 134 AD2d 572; Sheenan v Culotta, 99 AD2d 544). The terms of the purchase offer coupled with the conduct of the parties compel the conclusion that the purchase offer was not intended to be a full or binding agreement (see, e.g., Jaffer v Miles, 134 AD2d 572, supra; Monaco v Nelson, 121 AD2d 371; Tamir v Greenberg, 119 AD2d 665, lv denied 68 NY2d 607). Therefore, as there was no legally binding contract, the plaintiffs were not entitled to specific performance and summary judgment was properly granted to the defendants (Tantleff v Truscelli, 110 AD2d 240, 244, affd 69 NY2d 769).

In view of our determination on this issue we do not reach the plaintiffs' remaining contention. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.