■ JOSEPH COHEN, Appellant, v SECURAN REALTY CORP., Respondent. (Action No. 1.) EZRA ASHKENAZI, Respondent, v SECURAN REALTY CORP., Respondent, and JOSEPH COHEN, Appellant. (Action No. 2.)—In two jointly tried actions, inter alia, for the specific performance of separate contracts to convey title to a parcel of real property, the plaintiff in action No. 1 and defendant in action No. 2, Joseph Cohen, appeals from so much of a judgment of the Supreme Court, Kings County (Lodato, J.), entered December 10, 1987, as dismissed his complaint in action No. 1, and directed the defendant in actions Nos. 1 and 2, Securan Realty Corp., to convey title to the parcel to the plaintiff in action No. 2, Ezra Ashkenazi.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Securan Realty Corp. (hereinafter Securan) was the owner of a parcel of real property in Brooklyn. On April 14, 1984, Securan entered into a "letter of understanding" regarding the possible sale of the parcel to Joseph Cohen. Securan subsequently contracted to convey title to the parcel to Ezra Ashkenazi, and these two actions ensued.

Contrary to Joseph Cohen's contentions, the trial court

properly dismissed his complaint in action No. 1, as the letter of understanding signed by him and Securan cannot be viewed as a valid contract. In order for such a letter to be enforceable there must be a showing that there was a meeting of the minds between the parties as well as a clear intent to be bound *(see, Sheehan v Culotta,* 99 AD2d 544; *Jaffer v Miles,* 134 AD2d 572). At bar, the court, as the trier of fact, properly found that these requirements were not met. Various changes were made to the letter of understanding after its initial execution which were not approved by one of the parties. Furthermore, after the signing of the letter, the parties continued to negotiate, evincing their inability to agree to essential terms.

We find that the circumstances leading to the signing of the letter of understanding, the lack of essential elements therein, and the subsequent negotiations between the parties, viewed together, compel the conclusion that the letter was not intended to constitute a valid and binding contract *(see, Monaco v Nelson,* 121 AD2d 371; *Jaffer v Miles,* 134 AD2d 572, *supra; Ramos v Lido Home Sales Corp.,* 148 AD2d 598).

Furthermore, in light of the fact that the contract entered into between Ezra Ashkenazi and Securan was a valid and enforceable contract, Securan was properly directed to specifically perform according to its terms. Bracken, J. P., Eiber, Spatt and Rosenblatt, JJ., concur.