■ WILLIAM ENGLE, Doing Business as BILL ENGLE, Respondent, v LIPCROSS INCORPORATED et al., Appellants.—In an action, *inter alia,* to recover a broker's commission, the defendants appeal from an order of the Supreme Court, Queens County (Joy, J.), dated August 25, 1988, which denied their motion for partial summary judgment dismissing the plaintiff's second cause of action.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The plaintiff is a licensed broker who was hired by the defendants to find a purchaser for the defendants' car wash. After he procured a potential purchaser, he and the defendant Lipcross Incorporated (hereinafter Lipcross) entered into a brokerage commission agreement pursuant to which the plaintiff would receive $40,000 "if title passes and the consideration is paid to the Seller in accordance with the Contract". The agreement further provided that "[i]f the sale is not consummated for any reason whatsoever, except willful default by the Seller", no commission would be paid.

On September 24, 1986, after preliminary negotiations, Lipcross and the prospective buyer executed a document entitled "Sales Deposit Receipt". This agreement set forth various terms, including the total purchase price of

$1,050,000, the manner of payment and the terms by which the purchase would be financed. However, the agreement further provided that the purchaser was to pay $40,000 in cash "on signing [a] more formal contract". The document also contained the following language:

"[t]his deposit [is] accepted subject to owner's approval of price and terms. If owner does not accept offer, this deposit shall be refunded, but if accepted, [a] more formal contract shall be signed by Purchaser and Seller on [October 1, 1986] * * *.

"This transaction [is] entirely subject to approval, by Buyer's attorney, of lease and/or subsequent contract".

It is undisputed that, despite further negotiations, a more formal contract between the prospective purchaser and Lipcross was never executed, and the proposed sale did not occur. Thereafter, the defendants conveyed the business to another buyer. The plaintiff subsequently commenced the instant action, *inter alia,* to recover $40,000 pursuant to the brokerage commission agreement. The Supreme Court denied the defendants' motion for partial summary judgment dismissing the second cause of action to recover the commission. We now reverse and grant the motion.

While we agree with the plaintiff's contention that the "Sales Deposit Receipt" between the prospective purchaser and Lipcross is in the nature of a binder agreement, it does not constitute a legally enforceable contract under the circumstances presented. Inasmuch as the purchaser and Lipcross each retained the power to disapprove the tentative agreement and contemplated the execution of a more formal and comprehensive contract if the initial terms were acceptable to both sides, "it is clear that the binder was not an enforceable contract as there was no meeting of the minds and the parties never intended that it constitute the full and binding agreement" *(Ramos v Lido Home Sales Corp.,* 148 AD2d 598, 599; *see, Monaco v Nelson,* 121 AD2d 371).

Moreover, the one-page "Sales Deposit Receipt" document did not contain all of the essential terms customarily encountered in a complex commercial conveyance of a business worth in excess of $1,000,000 *(see generally, Taibi v American Banknote Co.,* 135 AD2d 810), and the parties thereto clearly intended to leave many terms open to future negotiations. Accordingly, this document was not a final and binding agreement, but instead constituted an unenforceable agreement to agree *(see, e.g., Ramos v Lido Home Sales Corp., supra; Monaco v Nelson, supra; Tamir v Greenberg,* 119 AD2d 665). Hence,

inasmuch as there was no final and binding agreement between the prospective purchaser and Lipcross, the defendants did not commit a willful default by negotiating the sale of the business to another purchaser, and the plaintiff is not entitled to payment of a commission (see, Graff v Billet, 101 AD2d 355, affd 64 NY2d 899). Bracken, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.