■ Louis Coniglio et al., Appellants, v Old Brookville Associates et al., Respondents.—In an action for specific performance of an alleged contract for the sale of real property, the plaintiffs appeal from a judgment of the Supreme

Court, Nassau County (Lockman, J.), dated July 29, 1988, which dismissed their complaint.

Ordered that the judgment is affirmed, with costs.

On April 28, 1986, the parties signed a written memorandum which essentially stated that when the defendants successfully acquired title to a certain large tract of land, the plaintiffs would have the option of purchasing two acres of that tract from them.

The plaintiffs further agreed to "provide [their] proportionate share of down payment and other purchase money funds required under the contract". At trial it was established that the plaintiffs were to tender their purchase money for the two acres to the defendants at the time the defendants were to purchase the large tract of land. However, the parties had not mentioned when title to the two acres was to pass to the plaintiffs. After the April 28 agreement was executed, negotiations to enter into a more formal and detailed agreement broke down, and the plaintiffs refused to pay the purchase price unless the defendants were ready to tender a deed. However, the defendants would not offer a deed unless a subdivision plot was first approved.

Where there is an understanding that a formal contract is to follow a memorandum and essential terms have been omitted or left for future negotiations, the memorandum is insufficient to satisfy the Statute of Frauds (see, Willmott v Giarraputo, 5 NY2d 250; Jaffer v Miles, 134 AD2d 572; General Obligations Law § 5-703 [2]). Furthermore, the circumstances leading up to the memorandum and the subsequent negotiations by the parties show that the parties had never agreed as to certain essential terms. For example, the memorandum failed to mention whether transfer of title to the two acres was to be conditioned upon subdivision approval.

Furthermore, we find that the trial court did not improvidently exercise its discretion in the way it conducted the trial (see, Feldsberg v Nitschke, 49 NY2d 636; Radosh v Shipstad, 20 NY2d 504). Bracken, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.