■ RALPH SENZAMICI et al., Appellants, v WALTER R. YOUNG et al., Respondents.—Levine, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Weiner, J.), entered May 7, 1990 in Rockland County, which, *inter alia,* granted defendants' cross motion for summary judgment dismissing the complaint.

Defendants signed an agreement on August 3, 1989 to purchase plaintiffs' property for $245,000. The contract, drawn by plaintiffs' attorney, required a down payment of $24,500, $2,000 payable upon defendants' execution of the contract and the balance on or before August 7, 1989. The $24,500 down payment was also designated as liquidated damages for any willful default by defendants. The contract further provided that the "seller shall not be bound by any terms of this contract until it is executed by the purchaser and the seller and the down payment as set forth herein is received".

At or immediately before the passage of the August 7, 1989 deadline for the payment of the balance of the down payment,

defendants' attorney informed plaintiffs' attorney that defendants no longer wished to purchase the property. In addition to declining to remit the balance of the down payment, defendants stopped payment on the $2,000 check for the initial portion thereof. Plaintiffs then brought this action to recover the $24,500 provided for under the agreement as liquidated damages. After joinder of issue, plaintiffs moved for summary judgment and defendants cross-moved for the same relief. Supreme Court granted the cross motion and dismissed the complaint. This appeal by plaintiffs followed.

There should be an affirmance. A mutually binding bilateral agreement was contemplated by the parties, under the express language of the agreement. Plaintiffs' moving papers failed to specify when they executed the agreement. In any event, plaintiffs clearly did not manifest, by delivery of a fully executed copy of the agreement or otherwise, their acceptance and intent to be bound before defendants withdrew their offer. Consequently, no legally operative agreement came into existence which plaintiffs were entitled to enforce, and Supreme Court correctly dismissed their suit for damages (see, *Manhattan Theatre Club v Bohemian Benevolent & Literary Assn.,* 120 Misc 2d 1094, 1096-1097, *affd* 102 AD2d 788, *affd* 64 NY2d 1069; *see also, Farago v Burke,* 262 NY 229, 232-233).

Mahoney, P. J., Weiss, Mercure and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.