■ FRANK SPEZIO, Appellant, v LASALLE SPORTSMEN'S CLUB, INC., Respondent.—Order unanimously affirmed without costs. Memorandum: The record reveals that on October 5, 1989, defendant's membership voted unanimously to approve a formal contract submitted by plaintiff for the sale of a portion of defendant's real property in the Town of Niagara. Plaintiff is not entitled to specific performance of that con-

tract, however, because it was never subscribed by defendant *(see,* General Obligations Law § 5-703 [2]; *Elghanayan v Forest Hills No. 2 Co.,* 123 AD2d 417). Although a written "proposal" was subscribed by defendant before submission of the contract of sale, that "proposal" contains terms that conflict with the contract of sale and that were never agreed upon by the parties. That "proposal" is not enforceable as a separate instrument because it fails to include a contingency that all necessary governmental consents and permits be obtained *(see, Coniglio v Old Brookville Assocs.,* 162 AD2d 432; *Jaffer v Miles,* 134 AD2d 572, 573, *appeal dismissed* 71 NY2d 927; *Tetz v Dexter,* 133 AD2d 79), and because it contains a counteroffer that was never accepted by plaintiff *(see, Cohen v Securan Realty Corp.,* 151 AD2d 634). (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Callahan, A. P. J., Boomer, Pine, Balio and Lawton, JJ.