■ JOHN LA BARCA et al., Appellants, v HENRY T. ALTEN-KIRCH et al., Respondents. [597 NYS2d 158] —In an action, *inter alia,* for specific performance of an alleged contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Oshrin, J.), entered March 12, 1991, which granted the defendants' motion to dismiss the complaint and cancel the notice of pendency.

Ordered that the order is affirmed, with costs.

On April 11, 1990, the parties signed a handwritten "binder" for the sale of real and personal property including two restaurants, a bait and tackle shop, and a residence in Southampton, New York. The binder stated that the plaintiffs would purchase the property for the sum of $2,104,375, that the agreement was "subject to attorney's review & approval", that the "contract date" would be "on or about 5/1/90" and the "closing on or about January 31, 1991". Thereafter, several rounds of contract negotiations ensued, but no further written agreement was reached. The plaintiffs subsequently brought this action, *inter alia,* for specific performance.

Contrary to the plaintiffs' contentions, it is clear from the binder that the parties never had a meeting of the minds. The binder omits many essential terms of the contract and expressly contemplates a more complete and formal contract. The fact that the parties engaged in extensive negotiations and exchanged "proposed" terms of the contract further demonstrates the absence of a complete agreement. Thus, the binder merely constituted an agreement to agree which is unenforceable under the Statute of Frauds *(see,* General Obligations Law § 5-703 [2]; *Brands v Urban,* 182 AD2d 287; *Ramos v Lido Home Sales Corp.,* 148 AD2d 598; *Birnhak v Vaccaro,* 47 AD2d 915).

We have considered the plaintiffs' remaining contentions and find them to be without merit. Sullivan, J. P., Lawrence, Eiber and Santucci, JJ., concur.