■ MICHAEL BEHAR, Respondent, v ISAAC MAWARDI, Appellant, et al., Defendants. [702 NYS2d 326] —In an action, inter alia, to recover damages for breach of contract, the defendant Isaac Mawardi appeals from (1) an order of the Supreme Court, Richmond County (J. Leone, J.), dated December 8, 1998, which granted the plaintiff's cross motion for partial summary judgment on the complaint on the issue of liability against him and denied his motion for summary judgment dismissing the complaint insofar as asserted against him, and (2) an order of the same court, dated April 30, 1999, which denied his motion to renew.

Ordered that the order dated December 8, 1998, is reversed, on the law, with costs, the plaintiff's motion is denied, the appellant's motion is granted, the complaint insofar as asserted against him is dismissed, and the action against the remaining defendants is severed; and it is further,

Ordered that the appeal from the order dated April 30, 1999, is dismissed as academic in light of the determination of the appeal from the order dated December 8, 1998.

In July 1995, the parties signed a handwritten binder for the sale of real property in Staten Island. The binder designated the parties, identified the property, and stated the price and the method of payment. Thereafter, the parties continued to negotiate but no further agreement was reached. The plaintiff,

the proposed purchaser, commenced this action, *inter alia,* to recover damages for breach of contract and for specific performance of the alleged contract of sale.

Contrary to the plaintiff's contentions, the binder is unenforceable under the Statute of Frauds (*see,* General Obligation Law § 5-703 [2]). The circumstances leading to the signing of the binder, the terms contained therein, and the subsequent negotiations by the parties compel the conclusion that the binder was not intended to constitute a complete and binding agreement (*see, Jaffer v Miles,* 134 AD2d 572). The binder contemplated the execution of a formal mutually-binding contract, and the record clearly demonstrates that the parties never had a meeting of the minds with respect to material and essential terms of the agreement (*see, e.g., Senzamici v Young,* 174 AD2d 831). The parties did not intend that the binder evidence the entire agreement (*see, O'Brien v West,* 199 AD2d 369; *Ramos v Lido Home Sales Corp.,* 148 AD2d 598; *Monaco v Nelson,* 121 AD2d 371; *Read v Henzel,* 67 AD2d 186). Consequently, there is no legally-enforceable agreement (*see, Senzamici v Young, supra*; *Danton Constr. Corp. v Bonner,* 173 AD2d 759). Ritter, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.