■ LISA CALKA, Appellant, v SOUMI CHUU, Also Known as SOO AM CHUU, et al., Respondents. [706 NYS2d 627] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered March 22, 1999, which, *inter alia*, granted defendant's motion for summary judgment dismissing plaintiff's first cause of action for specific performance and to vacate the notice of pendency, and denied plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.

The motion court properly dismissed plaintiff's cause of action for specific performance since the contract for the sale of the condominium, never having been executed by the owner, was not binding upon him (*see*, *Fatoullah v Schneider*, 103 AD2d 957). Moreover, even if the unexecuted contract had been ratified by the owner (*see*, *Williams v Cohn*, 51 AD2d 1031), no evidence was presented that plaintiff was ready, willing and able to close title on November 1, 1997 (*see*, *Huntington Min. Holdings v Cottontail Plaza*, 60 NY2d 997, 998). Concur—Rosenberger, J. P., Williams, Tom and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGELIO SOSA, Appellant. [706 NYS2d 629] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered May 29, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to three concurrent terms of $4\frac{1}{2}$ to 9 years, unanimously affirmed.

The verdict was not against the weight of the evidence. We see no reason to disturb the jury's determinations. Concur—Rosenberger, J. P., Williams, Tom and Mazzarelli, JJ.