■ Bruce Checkla et al., Appellants, v Stone Meadow Homes, Inc., Respondent. [720 NYS2d 532] —In an action, *inter alia,* for specific performance of a contract for the sale of real property and the construction of a residence, the plaintiffs appeal from (1) an order of the Supreme Court, Rockland County (Meehan, J.), dated February 24, 2000, which, *inter alia,* granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, dated April 12, 2000, which, upon the order, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment.

"To satisfy the Statute of Frauds [a] writing must set forth the entire contract with reasonable certainty so that the substance thereof appears from the writing alone * * * If the contract is incomplete and it is necessary to resort to parol evi-

dence to ascertain what was agreed to, the remedy of specific performance is not available" (*O'Brien v West,* 199 AD2d 369, 370).

The real estate binder at issue lacked many essential terms. Moreover, the binder was expressly "subject to the execution of a formal contract of sale between the parties within 14 days." Although the parties offer conflicting reasons as to why no final contract was executed, it is apparent that the parties did not intend to be bound by the binder as to all essential terms of the conveyance of real property and the construction of a new home thereon. Rather, the binder was but a preliminary "agreement to agree" which is unenforceable under the Statute of Frauds (*Ramos v Lido Home Sales Corp.,* 148 AD2d 598; *accord, Engle v Lipcross Inc.,* 153 AD2d 603; *see, RAJ Acquisition Corp. v Atamanuk,* 272 AD2d 164; *Parkway Group v Modell's Sporting Goods,* 254 AD2d 338; *Blaufeux v Paznik,* 162 AD2d 573; *Hazirjian v Reilly,* 146 AD2d 568; *Monaco v Nelson,* 121 AD2d 371). Therefore, the Supreme Court correctly granted the defendant's motion for summary judgment dismissing the complaint.

The plaintiffs' remaining contentions are without merit. Santucci, J. P., S. Miller, Florio and Schmidt, JJ., concur.