■ CARY S. FRANKEL et al., Appellants, v FORD LEASING DEVELOPMENT COMPANY, Respondent, et al., Defendant. [776 NYS2d 905]—

In an action, inter alia, for specific performance of a contract to sell real property, the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered November 15, 2002, as granted the motion of the defendant Ford Leasing Development Company for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiffs' contentions, it is clear from a November 20, 2000, letter (hereinafter the Letter) executed by the plaintiff Cary S. Frankel and by a real estate agent for the defendant Ford Leasing Development Company (hereinafter Ford Leasing), that the parties never had a meeting of the minds. The Letter expressly contemplated a more complete and formal contract and omitted many essential terms of a contract. The fact that the parties engaged in extensive negotiations and exchanged proposed purchase agreements further demonstrated the absence of a complete agreement. Thus, the Letter merely constituted an agreement to agree which is unenforceable under the statute of frauds (*see* General Obligations Law § 5-703 [2]; *Behar v Mawardi,* 268 AD2d 400 [2000]; *La Barca v Altenkirch,* 193 AD2d 586 [1993]; *Ramos v Lido Home Sales Corp.,* 148 AD2d 598 [1989]).

Moreover, contrary to the plaintiffs' contentions, the actions taken by Frankel were not unequivocally referable to a contract of sale so as to constitute part performance sufficient to defeat the statute of frauds, and were merely steps taken in contemplation of a future agreement (*see* General Obligations Law § 5-

703 [4]; *Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group,* 93 NY2d 229, 235, 237 [1999]; *Urgo v Patel,* 297 AD2d 376, 378 [2002]; *Francesconi v Nutter,* 125 AD2d 363 [1986]). Consequently, the Supreme Court properly granted Ford Leasing's motion for summary judgment dismissing the complaint insofar as asserted against it.

The plaintiffs' remaining contentions are without merit. Krausman, J.P., Luciano, Cozier and Spolzino, JJ., concur.