■ JOHN E. KING, Appellant, v ARLINE C. LITTMAN et al., Individually and as General Partners of Shaker Bay Limited Partnership, et al., Respondents. [802 NYS2d 768]—

Kane, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered October 22, 2004 in Albany County, which, inter alia, partially granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff purchased a building lot from defendants, in a

subdivision that defendants developed, and built his residence upon it. In the purchase contract, defendants provided plaintiff with a right of first refusal on an adjoining lot. After the adjoining lot was ready for sale, defendants entered into a "lot hold" agreement with potential purchasers. According to defendants' practice, a "lot hold" is an agreement by which potential purchasers pay a deposit and defendants reserve the lot for four months, during which time the potential purchasers can sign a final purchase offer sales contract and have the deposit applied to that contract or, if the purchasers decide not to build, the deposit is refunded. The first potential purchasers who signed a lot hold for the adjoining lot decided not to build, but a second potential purchaser entered into a lot hold followed by a contract for sale of the lot. Defendants did not supply plaintiff with a copy of either lot hold agreement or the contract for sale.

Plaintiff commenced this action seeking a declaration of his rights under his contract and specific performance of the right of first refusal. Defendants counterclaimed for damages if the contract with the potential purchaser did not come to fruition, then moved for summary judgment and dismissal of the complaint. Plaintiff cross-moved for summary judgment. Supreme Court dismissed defendants' counterclaim, dismissed the complaint against the individual defendants in their personal capacities, declared that plaintiff possessed a right of first refusal on the lot dependent on defendants providing him with a valid written purchase offer, and dismissed plaintiff's cause of action seeking specific performance of that right as premature because there was no pending purchase offer. Plaintiff appeals only the last of these determinations.

The lot holds did not trigger plaintiff's right of first refusal. Although lot holds are a form of contract, rather than being final sales contracts they are more akin to reservations and the first step toward entering into a contract for sale. Under lot holds, defendants were obligated to hold the lot for the potential purchasers, but could reject submitted building plans and impose requirements on potential purchasers in a final sales contract. Potential purchasers could decide not to build and receive a full refund of their deposit. Thus, lot holds are like binder agreements which require further negotiations and contemplate the execution of a formal mutually-binding contract setting forth all the material elements for a sale of the property (*see Behar v Mawardi*, 268 AD2d 400, 401 [2000]; *Jaffer v Miles*, 134 AD2d 572, 573 [1987], *appeal dismissed* 71 NY2d 927 [1988]; *Osta v Jarrett*, 27 AD2d 882, 883 [1967]). As lot holds are not enforceable sales contracts or formal purchase agree-

ments (*see id.*), defendants were not required to provide copies of those documents to plaintiff because the lot holds did not trigger plaintiff's right of first refusal.

Supreme Court correctly dismissed, as premature, plaintiff's cause of action for specific performance. A right of first refusal does not compel the owner to sell property, but merely binds the owner "*not to sell* without first giving the other party the opportunity to purchase the property at the price specified" in an offer from a third party (*LIN Broadcasting Corp. v Metromedia, Inc.*, 74 NY2d 54, 60 [1989]; *see Cipriano v Glen Cove Lodge #1458, B.P.O.E.*, 1 NY3d 53, 59-60 [2003]; *Yudell Trust I v API Westchester Assoc.*, 227 AD2d 471, 472-473 [1996]). "Under a right of first refusal, the only offer involved is one to be made in the future, if and when the owner reaches agreement with a third-party purchaser. . . . In sum, [such right] merely provides that before an owner sells, it will first give the other party a chance to buy" (*LIN Broadcasting Corp. v Metromedia, Inc.*, *supra* at 60, citing 1A Corbin, Contracts § 261, at 474 [1963]). Since the lot hold agreements were not binding contracts to sell, and defendants' sales contract with the potential purchaser expired by its own terms prior to the commencement of this action, plaintiff's cause of action for specific performance was properly dismissed.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.