Cohen v Holder (2022 NY Slip Op 02778)

Cohen v Holder

2022 NY Slip Op 02778

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.

2019-08042
 (Index No. 19562/19)

[*1]Yaron Cohen, appellant-respondent,
v
Corey Holder, etc., et al., respondents-appellants.

Joseph A. Altman, P.C., Bronx, NY, for appellant-respondent.
Clark & Amadio, P.C., Hempstead, NY (Alfred J. Amadio of counsel), for respondents-appellants.

DECISION & ORDER
In a consolidated action for specific performance of a contract for sale of real property, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated May 12, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the complaint. The order, insofar as cross-appealed from, denied those branches of the defendants' cross motion which were for summary judgment dismissing the complaint and on their counterclaims.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' cross motion which was for summary judgment dismissing the complaint, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendants.
On January 23, 2006, the plaintiff, as purchaser, and Vivian Holder (hereinafter the decedent), as seller, executed a document purporting to be a contract for the sale of a four-family brownstone located in Brooklyn (hereinafter the Brooklyn brownstone), for the purchase price of $300,000. The document, which was provided by the plaintiff, did not indicate the date or place of the closing.
About 17 months later, the plaintiff sent a letter to the decedent setting a time of the essence closing date of May 22, 2007. The closing did not occur on that date and the plaintiff thereafter commenced an action seeking specific performance. The decedent interposed an answer asserting, inter alia, counterclaims seeking damages for fraud and for rescission of the purported contract. In 2015, the decedent transferred the property to 143 Hancock St., LLC (hereinafter 143 Hancock). The plaintiff then commenced a separate action against 143 Hancock. Thereafter, the decedent died and Corey Holder, as executor of the decedent's estate, was substituted as the defendant in the action commenced against the decedent. By order dated March 23, 2017, the two actions were consolidated.
In or about October 2018, the plaintiff moved, inter alia, for summary judgment on the complaint. The defendants then cross-moved, among other things, for summary judgment [*2]dismissing the complaint and on their counterclaims. The Supreme Court denied the motion and cross motion. The plaintiff appeals, and the defendants cross-appeal.
Contrary to the plaintiff's contention, the statute of frauds defense was not waived in this case since the plaintiff had a full and fair opportunity to argue the merits of the defense in opposing the defendants' summary judgment motion (see Rogoff v San Juan Racing Assn., 54 NY2d 883, 885; International Fid. Ins. Co. v Robb, 159 AD2d 687, 688-689). Under the statute of frauds, a contract for the sale of real property must be evidenced by a writing (see General Obligations Law § 5-703[1]). The writing must "identify the parties, describe the subject matter, be signed by the party to be charged, and state all of the essential terms of an agreement" (O'Hanlon v Renwick, 166 AD3d 890, 891; see Piller v Marsam Realty 13th Ave., LLC, 136 AD3d 773, 773-774). "In a real estate transaction, the essential terms of a contract typically include the purchase price, the time and terms of payment, the required financing, the closing date, the quality of title to be conveyed, the risk of loss during the sale period, and adjustments for taxes and utilities" (443 Jefferson Holdings, LLC v Sosa, 174 AD3d 486, 487; see Ehrenreich v Israel, 188 AD3d 818, 819). "'[T]he writing must set forth the entire contract with reasonable certainty so that the substance thereof appears from the writing alone . . . If the contract is incomplete and it is necessary to resort to parol evidence to ascertain what was agreed to, the remedy of specific performance is not available'" (Nesbitt v Penalver, 40 AD3d 596, 598, quoting Checkla v Stone Meadow Homes, 280 AD2d 510, 510-511 [internal quotation marks omitted]).
Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint on the ground that the document did not satisfy the statute of frauds. In addition to the document not specifying the closing date, the evidence established that the parties never agreed with respect to the mortgage terms. At his deposition, the plaintiff testified that he was purchasing the property "subject" to the existing mortgage and that he had the "option" of obtaining a purchase money mortgage. The document, however, did not state whether the plaintiff was purchasing the property subject to the existing mortgage, obtaining a purchase money mortgage, or obtaining his own mortgage. The failure to include such terms makes the purported real estate contract unenforceable (see Matter of Licata, 76 AD3d 1076, 1077; O'Brien v West, 199 AD2d 369, 371; Read v Henzel, 67 AD2d 186, 189; Osta v Jarrett, 27 AD2d 882). In opposition, the plaintiff failed to raise a triable issue of fact.
The defendants' remaining contention is without merit.
Accordingly, the Supreme Court should have granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint, and properly denied that branch of the plaintiff's motion which was for summary judgment on the complaint.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court