South Shore Estates, Inc. v Guy Friedman Realty Corp. (2024 NY Slip Op 04156)

South Shore Estates, Inc. v Guy Friedman Realty Corp.

2024 NY Slip Op 04156

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2020-03375
 (Index No. 600345/17)

[*1]South Shore Estates, Inc., et al., appellants,
v
Guy Friedman Realty Corp., et al., respondents.

Moss & Kalish, PLLC (Weiss Zarett Brofman Sonnenklar & Levy, P.C., New Hyde Park, NY [Michael J. Spithogiannis], of counsel), for appellants.
Forchelli Deegan Terrana LLP, Uniondale, NY (David A. Loglisci of counsel), for respondents.

DECISION & ORDER
In a consolidated action, inter alia, to recover a real estate brokerage commission, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered February 24, 2020. The order, insofar as appealed from, denied the plaintiffs' motion for summary judgment on the first, fourth, seventh, fourteenth, seventeenth, twentieth, and twenty-fourth causes of action in the complaint in an action commenced in the same court under Index No. 1819/16 and dismissing the counterclaims in that action, and granted those branches of the defendants' cross-motion which were for summary judgment dismissing the first through third, tenth through thirteenth, and twenty-fourth causes of action in that complaint and to cancel a notice of pendency filed by the plaintiff against certain property.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' motion which was for summary judgment dismissing so much of the first counterclaim as alleged breach of fiduciary duty occurring more than six years prior to March 9, 2016, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff Susan Hollander, a licensed real estate broker, and the defendant Guy Friedman, who was in the business of buying, developing, and reselling real property, entered into three separate written agreements. The first agreement, effective September 9, 2009, gave the plaintiff South Shore Estates, Inc. (hereinafter SSE), a licensed brokerage firm owned by Hollander, the exclusive right to sell and market all properties owned by the defendant Guy Friedman Realty Corp. (hereinafter GFR) and certain limited liability companies for a period of 18 months (hereinafter the 2009 Agreement). The second agreement, dated August 5, 2010, provided that the defendant Friedman Properties, LLC, would sell Hollander a 50% interest in certain commercial real property (hereinafter the 2010 Agreement). The third agreement, dated November 29, 2011, offered a commission to the plaintiff South Shore Sales & Development, LLC, with respect to certain renovation and new construction projects undertaken by GFR (hereinafter the 2011 Agreement).
On March 9, 2016, the plaintiffs commenced an action against GFR, Friedman, and the defendants Friedman Group, LLC, Conklin Estates, LLC, and Friedman Holdings, LLC, under Index No. 1819/16 relative to the three agreements, asserting causes of action to recover damages for breach of contract, monies had and received, unjust enrichment, and anticipatory breach of [*2]contract, and seeking a declaratory judgment and specific performance (hereinafter the 2016 action). In their answer, those defendants asserted counterclaims sounding in breach of fiduciary duty and breach of contract. The 2016 action was later consolidated with another action.
Following discovery, the plaintiffs moved for summary judgment on the first, fourth, seventh, fourteenth, seventeenth, twentieth, and twenty-fourth causes of action in the complaint in the 2016 action and dismissing the counterclaims in that action. The defendants opposed the motion and cross-moved, inter alia, for summary judgment dismissing the first through third, fifth, sixth, and eighth through twenty-fourth causes of action in the complaint in the 2016 action and to cancel a notice of pendency filed by the plaintiff against certain property. The plaintiffs opposed the cross-motion. In an order entered February 24, 2020, the Supreme Court, among other things, denied the plaintiffs' motion and granted those branches of the defendants' cross-motion which were for summary judgment dismissing the first through third, tenth through thirteenth, and twenty-fourth causes of action and to cancel the notice of pendency. The plaintiffs appeal.
The Supreme Court properly granted those branches of the defendants' cross-motion which were for summary judgment dismissing the first through third causes of action and denied that branch of the plaintiffs' motion which was for summary judgment on the first cause of action. The first through third causes of action essentially alleged that the plaintiffs were entitled to a commission under the 2009 Agreement for the sale of a property located on Addison Street (hereinafter the Addison Street property). "In a real estate brokerage transaction[,] when an owner of the property gives a broker an 'exclusive agency' or an 'exclusive right to sell[,]' a promise of the broker to use reasonable efforts to obtain a buyer will be implied and thus supply consideration for the owner's promise" (1 Timothy Murray and Jon Hogue, Corbin on New York Contracts § 5.08 [2023]). The defendants established, prima facie, that the plaintiffs did not perform as required under the 2009 Agreement. The 2009 Agreement gave the plaintiffs the "exclusive right to sell and market" certain properties. Because the Addison Street property was already subject to a contract of sale that was negotiated by the defendants before the 2009 Agreement was executed, the plaintiffs did not "sell and market" the Addison Street property as required by the 2009 Agreement, and were thus not entitled to a commission thereon. In opposition, the plaintiffs failed to raise a triable issue of fact.
The Supreme Court also properly granted those branches of the defendants' cross-motion which were for summary judgment dismissing the tenth and eleventh causes of action, which essentially alleged that the plaintiffs were entitled to a commission under the 2009 Agreement for the sale of a property located on Woodside Avenue (hereinafter the Woodside Avenue property). The 2009 Agreement granted SSE the exclusive right to sell and market properties that were "owned by" GFR or certain other limited liability companies. The defendants established that the Woodside Avenue property was owned personally by Friedman, and that it thus fell outside the scope of the 2009 Agreement. In opposition, the plaintiffs failed to raise a triable issue of fact.
The Supreme Court properly granted those branches of the defendants' cross-motion which were for summary judgment dismissing the twelfth and thirteenth causes of action, which essentially alleged that the defendants anticipatorily breached the 2009 Agreement and that the plaintiffs were entitled to a commission under the 2009 Agreement for the sale of a "site known as the Conklin Avenue Development Site" (hereinafter the Conklin Avenue property). The defendants established, prima facie, that the plaintiffs were not entitled to a commission under the 2009 Agreement since the Conklin Avenue property was not owned by Conklin Estates, LLC, until after the expiration of the 2009 Agreement. Moreover, Conklin Estates, LLC, was not formed until after the expiration of the 2009 Agreement. Because the 2009 Agreement granted the plaintiffs the exclusive right to sell and market "all properties owned by" certain limited liability companies, and the Conklin Avenue property was not owned by one of those companies during the term of the 2009 Agreement, the defendants established, prima facie, that the plaintiffs were not entitled to a commission on that property.
In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, there are no triable issues of fact as to the ownership of the Conklin Avenue property during the term of the 2009 Agreement. Further, the plaintiffs' contention that the defendants intentionally delayed the sale of the Conklin Avenue property to avoid paying a [*3]commission is speculative and conclusory (see Friedman Drew Corp. v MC Holdings Partners, 172 AD2d 384, 385). Finally, while the plaintiffs contend that they were prejudiced by the defendants' failure to produce the contract of sale for the Conklin Avenue property, the plaintiffs failed to establish that the contract of sale was exclusively within the defendants' control (see Nunez v Long Is. Jewish Med. Ctr.-Schneider Children's Hosp., 82 AD3d 724, 725).
The Supreme Court properly denied those branches of the plaintiffs' motion which were for summary judgment on the fourteenth, seventeenth, and twentieth causes of action, which essentially alleged that the plaintiffs were entitled to a commission for certain construction projects that were undertaken on Albemarle Road, Oxford Road, and Oceanpoint Avenue. Pursuant to the terms of the 2011 Agreement, the plaintiffs were entitled to a commission on renovations or new constructions that took place on land owned by a customer or on land owned by GFR for which the plaintiffs facilitated the procurement of land or customers. The 2011 Agreement specifically excluded "spec building." For the three properties specified above, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law since they failed to eliminate all triable issues of fact as to whether the properties involved "spec building" or whether they facilitated the procurement of land or customers as was required by the 2011 Agreement. Moreover, the court properly concluded that the 2011 Agreement is ambiguous regarding the term "Project" such that summary judgment was not warranted under the circumstances (see Incorporated Vil. of Freeport v Freeport Plaza W., LLC, 206 AD3d 705, 707).
The Supreme Court also properly granted that branch of the defendants' cross-motion which was for summary judgment dismissing the twenty-fourth cause of action and denied that branch of the plaintiffs' motion which was for summary judgment on that cause of action. The twenty-fourth cause of action alleged that the defendants breached the 2010 Agreement by failing to sell to the plaintiffs an interest in certain real property. "To satisfy the statute of frauds, a memorandum evidencing a contract and subscribed by the party to be charged must designate the parties, identify and describe the subject matter, and state all of the essential terms of a complete agreement" (Piller v Marsam Realty 13th Ave., LLC, 136 AD3d 773, 773-774). "In a real estate transaction, the essential terms of a contract typically include the purchase price, the time and terms of payment, the required financing, the closing date, the quality of title to be conveyed, the risk of loss during the sale period, and adjustments for taxes and utilities" (Cohen v Holder, 204 AD3d 973, 975 [internal quotation marks omitted]). Here, the defendants established, prima facie, that the 2011 Agreement did not satisfy the statute of frauds. Although the agreement stated the purchase price and to whom the payment should be made, the agreement failed to state the time and terms of payment, the required financing, the closing date, the quality of title, the risk of loss, or adjustments for taxes and utilities (see id. at 975; Saul v Vidokle, 151 AD3d 780, 781). In opposition, the plaintiffs failed to raise a triable issue of fact in that regard.
However, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment dismissing so much of the first counterclaim as was based on the plaintiffs' alleged breach of fiduciary duty occurring more than six years prior to the date on which the 2016 action was commenced. Contrary to the plaintiffs' contentions, the six-year statute of limitations governing actions based on fraud applies (see CPLR 213[8]). "'[W]here an allegation of fraud is essential to a breach of fiduciary duty claim, courts have applied a six-year statute of limitations under CPLR 213(8)'" (Jadidian v Goldstein, 210 AD3d 969, 970, quoting IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139 [internal quotation marks omitted]). Here, the defendants alleged that Hollander was part owner of a limited liability company that competed directly with the defendants, that Hollander failed to disclose that alleged conflict, and that Hollander used confidential information obtained from the defendants to directly compete with them. The plaintiffs allegedly denied GFR and Friedman Group, LLC, the opportunity to purchase at least four specific properties and used trade secrets to compete with GFR and Friedman Group, LLC, on at least three specific properties. The allegations of fraud are thus essential to the breach of fiduciary duty counterclaim, and the six-year statute of limitations applies. Inasmuch as the 2016 action was commenced on March 9, 2016, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment dismissing so much of the counterclaim alleging breach of fiduciary as was based on events that occurred before March 9, 2010. Because the transactions concerning properties located on Smith Lane and Daub Avenue occurred before March 9, 2010, those claims were time-barred.
The plaintiffs' remaining contentions are without merit.
DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court