■ Thomas J. Salzano, Doing Business as Thomas J. Salzano & Co., Appellant, v. Angelo Pellillo, Respondent, et al., Defendant.— In an action to recover a broker's commission, the appeal is from a judgment of the City Court of Mount Vernon entered after a nonjury trial, dismissing the complaint on the merits. Judgment reversed and new trial ordered, with costs to appellant to abide the event. Respondent was a builder, developer and general contractor who was acquainted with appellant, a licensed real estate broker. Appellant's cause of action was to recover a 5% commission based on the total price of the sale of a parcel of land in respondent's development plus the price of construction of a home on said plot by respondent. It was conceded that, on April 20, 1952 the appellant brought Frank Block and Rochelle Block, his wife, who, having sold their own home through another broker, were looking for another home, to respondent's development, introduced them to respondent and showed them several homes already built on the development. The evidence was in conflict as to whether appellant brought the Blocks to the development after that date. It was conceded that, in July, 1952, the respondent sold a parcel of ground in the development to the Blocks for $3,000 and thereafter constructed a house thereon for them at a price of $29,500. Appellant was not present at the negotiations between the respondent and the Blocks that culminated in the sale. One of the purchasers, testifying as respondent's witness, said that the agreements for the sale of the land and the construction of the house were made simultaneously. He denied that the purchasers agreed to pay any commission to appellant. Respondent did not testify personally during the trial but, in his examination before trial, he conceded that appellant had earned a commission on the sale of the land, although he said that he (respondent) and the purchasers had agreed that the purchasers would pay the commission on the sale of the land (see, e.g., Metcalfe v. Gordon, 86 App. Div. 368, 370–371). It was clear that appellant asserted his right to commissions prior to the execution of the written contract between respondent and the purchasers. The trial court based its determination on the theory that, between the introduction of the purchasers to respondent and the eventual sale, it was appellant's duty " to operate as the procuring cause of the sale, that is, as the efficient producing agency linking the two." Implicit in the determination was a ruling that appellant could

not earn his commission without doing more than introduce the purchasers to respondent at the development as prospective purchasers of a house. There is a rule that when a broker opens negotiations between parties but, failing to bring the customer to the terms specified by the owner, abandons them and the owner subsequently sells to the same person, the owner is not liable to the broker for commissions (*Wylie* v. *Marine Nat. Bank*, 61 N. Y. 415; *Teves* v. *Thieringer*, 281 App. Div. 752). But it does not appear that the trial court's determination was based on the theory that the broker considered negotiations as hopeless and abandoned them or that negotiations between respondent and the purchasers were definitely abandoned or terminated as unsuccessful albeit temporarily. It does not appear that respondent ever terminated appellant's oral contract of employment. A judgment founded upon an untenable theory of law should not be sustained (*Rives* v. *Bartlett*, 215 N. Y. 33, 37). For a broker to earn his commission, it is sufficient that a sale is effected through his agency as the procuring cause. If he brings the parties together and the sale results in consequence, the commission is earned although the broker had no part in the negotiations between the owner and the purchaser (*Travis* v. *Bowron*, 138 App. Div. 554; *Sussdorf* v. *Schmidt*, 55 N. Y. 319; cf. *Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378). If a broker's communication with a purchaser brings the purchaser and the owner together and the sale results in consequence, brought about by the broker's action as a procuring cause, the broker may be entitled to his commission although he did not negotiate between the parties, was not present at the sale and the owner did not even know that the customer was found by the broker (*Lloyd* v. *Matthews*, 51 N. Y. 124; *Kalmanson* v. *Callahan*, 276 App. Div. 983). "The essential feature of a broker's employment is to bring the parties together in an amicable frame of mind, with an attitude toward each other and toward the transaction in hand which permits their working out the terms of their agreement. They may reach that agreement without his aid or interference. * * * A broker 'negotiates' just as much when he brings parties together in such a frame of mind that they can by themselves evolve a plan of procedure, as when he himself carries on the discussion and personally induces an agreement to accept a specific provision" (*Baird* v. *Krancer*, 138 Misc. 360, 362–363). The duties of a broker may be varied by contingencies and broadened or narrowed by special contract. (8 Am. Jur., Brokers, § 85; *Watson* v. *La Vine*, 275 App. Div. 791, affd. 300 N. Y. 561). When a builder and developer builds houses on his development to the specifications of purchasers, in addition to selling houses already built, it is logical that negotiations between the customer and the developer as to the price and specifications of the house may take place and culminate in a contract, without the presence of the broker who introduced the purchaser to the developer. Although the action was tried before a court without a jury, the action should, in view of the nature of the case and the conflicting evidence, be determined by a trial court upon application of proper principles of law, rather than finally by an appellate court. Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.