■ MALCOLM PROVOST, Doing Business as PROVOST REALTY, Appellant, v ST. FRANCIS COMMANDERY HALL ASSOCIATION OF SCHENECTADY, NEW YORK, INC., Respondent.—Harvey, J. Appeal from an order and judgment of the Supreme Court at Special Term (Ford, J.), entered May 8, 1985 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff, a licensed real estate broker, asserts that he has been wrongfully denied commissions due him on the sale of certain real property consisting of a golf course owned by defendant. He contends that commissions are due him pursuant to a listing, express or implied, and in the alternative, that he should be compensated upon the theory of bad faith or unjust enrichment.

In early 1982, Philip and Sally Greenwood indicated to plaintiff that they were interested in purchasing a golf course. Plaintiff, who had engaged in previous business transactions with the Greenwoods, then contacted defendant's treasurer, Robert Gaudette, to inquire whether defendant was interested in selling its golf course. Gaudette speculated that defendant might be interested in selling the property. Thereafter, in May 1982, Gaudette gave the Greenwoods a tour of the golf course. It was not until mid-June 1982, however, that defendant's Board of Trustees (the Board) decided to place the property on the market. The Board subsequently engaged the services of a professional appraiser to value the property. The Board also determined that it would not enlist the aid of a realtor in selling the property. Plaintiff was informed of this

decision and was not involved in the negotiations between the defendant and the Greenwoods which took place later. The Greenwoods' initial offer, made November 3, 1982, was rejected. Subsequent negotiations between the Greenwoods' attorney and defendant resulted in an agreement, on November 24, 1982, for the sale of the property.

In August 1984, plaintiff commenced this action to recover real estate commissions for the sale of the property. After discovery, defendant moved for summary judgment. The motion was granted and this appeal ensued. We affirm.

Plaintiff's contention that an express or implied real property listing agreement existed is entirely unsupported by the evidence. Any conversation between plaintiff and Gaudette was hypothetical because the only entity authorized to make a decision to sell was the Board, which had made no such decision at the time of plaintiff's alleged conversation with Gaudette. A contract is not created merely by the broker approaching a property owner to obtain information as to a possible sale (see, Barrett v Lang, 243 App Div 35, affd 269 NY 511). Under the circumstances, a more justifiable inference was that plaintiff was representing a prospective purchaser (see, Balducci v National Union Elec. Corp., 46 AD2d 834, 835; 11 NY Jur 2d, Brokers, § 94, at 448).

A broker does not make out a case for commissions simply because he initially called the property to the attention of the ultimate purchaser (Greene v Hellman, 51 NY2d 197, 205). Here, plaintiff was not a part of the negotiation process which eventually resulted in the contract for sale of the property. His role involved little more than providing the bare introduction of the parties and he certainly was not an active participant in the consummation of the agreement (see, Greene v Hellman, supra, p 206).

Plaintiff's claim that he was prevented from earning his commission by defendant's bad faith is meritless. It cannot be inferred from the record that defendant acted in bad faith. Once the decision was made to put the property on the market, the Board refused to list the property with any broker. Plaintiff was not involved in the negotiations and certainly not to the point where they were so close to success that bad faith can fairly be inferred (see, Sibbald v Bethlehem Iron Co., 83 NY 378, 384). Furthermore, the fact that defendant had engaged plaintiff's services on one previous, unrelated occasion does not merit a finding of an implied contract in this transaction.

Order and judgment affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.