■ LEVY WOLF REAL ESTATE BROKERAGE, INC., Appellant, v LIZZA INDUSTRIES, INC., et al., Respondents.—In an action, *inter alia,* to recover a broker's commission, the plaintiff appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated October 3, 1984, which granted the defendants' motion pursuant to CPLR 3212 for summary judgment dismissing the complaint. The plaintiff's notice of appeal from the order is deemed to also be a premature notice of appeal from a judgment of the same court, dated November 19, 1984, and entered thereon (CPLR 5520 [c]).

Appeal from the order dismissed *(see, Matter of Aho,* 39 NY2d 241, 248).

Judgment affirmed.

The defendants are awarded one bill of costs.

To succeed on its first two causes of action, which allege that it was deprived of the commission due it as a result of the lease executed between the defendant lessor CNH Associates (hereinafter CNH) and the defendant lessee Mura Corporation (hereinafter Mura), the plaintiff Levy Wolf Real Estate Brokerage, Inc., must show that it was the procuring cause of the lease *(see, Greene v Hellman,* 51 NY2d 197; *Sibbald v Bethlehem Iron Co.,* 83 NY 378). Viewing the evidence in the record in the light most favorable to the plaintiff, the totality of its efforts consisted, at best, of little more than bringing the subject premises to the attention of Mura in August 1982, attempting unsuccessfully in October to arrange a meeting between Mura and CNH, and contacting Mura again some three months later in an attempt to regenerate interest in the building. These unrequited efforts stand in contrast to the

involvement of Cushman & Wakefield of Long Island, Inc. (hereinafter Cushman & Wakefield), the brokerage firm that ultimately collected the commission and which had dealt extensively with both parties to the lease since well before the plaintiff first approached Mura. Although Cushman & Wakefield had not attempted to interest Mura in the subject premises until December 1982, it is well documented and undisputed that by that time Cushman & Wakefield was actively working with Mura, performing background research on several sites for the company and making all of the inquiries and proposals on Mura's behalf that ultimately led to the lease agreement with CNH. There being no evidence in the record that the plaintiff initiated any negotiations or discussed with the parties any of the basic and material details upon which they would reasonably have had to agree before a lease could be executed, the plaintiff cannot, in view of Cushman & Wakefield's involvement, lay claim to being the "direct and proximate link, as distinguished from one that is indirect and remote, between the bare introduction and the consummation" *(Greene v Hellman, supra,* at p 206). No triable issue of fact thus exists as to whether the plaintiff was the procuring cause of the lease, and summary judgment was properly granted with respect to the plaintiff's first two causes of action *(see, Rotuba Extruders v Ceppos,* 46 NY2d 223, 231).

It having been determined that the plaintiff was not entitled to a commission, its third cause of action, which alleges a conspiracy between the defendants to deprive the plaintiff of its commission, must fall as well *(see, Greene v Hellman,* 51 NY2d 197, 205, *supra; Muldoon v Silvestre,* 283 App Div 886).

The plaintiff's fourth and final cause of action is insufficient in law as it comprises only a claim for punitive damages, which does not constitute a separate cause of action for pleading purposes *(see, Brandenberg v Blue Cross & Blue Shield,* 78 AD2d 534). Brown, J. P., Weinstein, Niehoff and Eiber, JJ., concur.