ROBERT M. GABRIELLI, Doing Business as READING REALTY, et al., Respondents, v CHRIS CORNAZZANI, Appellant, and MICKEY JAMAL et al., Respondents.

Third Department, February 25, 1988

### APPEARANCES OF COUNSEL

*J. Philip Zand* for appellant.

*Barry M. Lippman* for Robert M. Gabrielli and another, respondents.

*Bruce D. Blatchly* for Mickey Jamal and another, respondents.

### OPINION OF THE COURT

KANE, J. P.

Plaintiffs commenced this action claiming their entitlement

to a commission in connection with the sale of a residence owned by defendant Chris Cornazzani to defendant Jack L. Felgenhauer. The facts surrounding the transaction in dispute, as gleaned from the record and the trial testimony, and insofar as pertinent to this appeal, are as follows. As a result of his privately advertising for the sale of his home, Cornazzani testified that he received numerous requests from real estate brokers to list the home with them. All of the offers were declined, however, until he was contacted by Nicholas Polichene, who worked for plaintiff Own Your Own Realty (hereinafter OYOR). Cornazzani admitted that he agreed to list the property with OYOR and to a 7% commission. Polichene testified that upon visiting the home he took measurements, agreed to the 7% figure and agreed to try to sell the house for $117,000. He also testified that he completed a written data sheet on the home, although he admitted it was never signed by Cornazzani, and that there was no written agreement as to the relationship between OYOR and Cornazzani. Thereafter, OYOR agreed to cobroke with plaintiff Robert M. Gabrielli's firm, Reading Realty. Although the parties agree that Cornazzani was still free to sell the home on his own, Cornazzani claimed that no permission was given to cobroke while Polichene claimed that he did receive such permission.

In any event, subsequent to that time, Cornazzani received a call from Richard Mailen, a real estate agent for Reading Realty, asking if he could show the home to defendant Mickey Jamal. Cornazzani testified that upon their arrival, Mailen identified himself as a broker but did not state which agency he was with. The tour of the house lasted about 10 minutes and, according to both Cornazzani and Jamal, there was no discussion as to price or terms of sale. Jamal stated that he did tell Mailen he liked the home. Cornazzani testified that neither agency sent him anything in writing indicating the showing of his home, nor did they contact him again regarding the sale of the home. Jamal also testified that he was never contacted again by either agency. Gabrielli admitted that nothing was ever sent to Cornazzani about the showing of the home and that when Cornazzani eventually told him he had sold the house, Gabrielli had no knowledge of Mailen's involvement.

Approximately 1 to 2 months later, Jamal called Cornazzani directly. The parties then entered into negotiations and it was agreed that Felgenhauer, Jamal's father-in-law, would techni-

cally purchase the house since Jamal apparently was unable to qualify for a mortgage. A purchase price of $104,000 was agreed upon. After the sale occurred, plaintiffs commenced this action and, upon completion of trial testimony, County Court denied Cornazzani's motion to dismiss the complaint. The jury found Cornazzani liable for brokerage commissions in the amount of $7,280. This appeal by Cornazzani ensued.

Cornazzani does not address on the instant appeal the question of whether permission was given to Polichene to cobroke the listing. He therefore has apparently chosen not to dispute the jury's implicit finding that Polichene was authorized to cobroke the listing. What Cornazzani is asserting is that there was insufficient proof as a matter of law that plaintiffs were the procuring cause of the sale and therefore his motion to dismiss the complaint was improperly denied. In determining whether this assertion is correct, we are required to view the evidence in the record in the light most favorable to plaintiffs to see if they presented a prima facie case *(see, Lane—Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36, 42).* In so doing, we are of the view that County Court was in error in denying Cornazzani's motion and that the complaint should therefore have been dismissed.

In *Sibbald v Bethlehem Iron Co.* (83 NY 378, 382-383), the Court of Appeals, in considering a broker's claim for compensation, stated that: "the duty assumed by the broker is to bring the minds of the buyer and seller to an agreement for a sale, and the price and terms on which it is to be made, and until that is done his right to commissions does not accrue." The broker is required to procure for the seller a buyer ready, willing and able to purchase the property, and he must bring the minds of the parties to an agreement *(Aegis Prop. Servs. Corp. v Hotel Empire Corp.,* 106 AD2d 66, 72). It is true that a broker is not required to participate in all stages of negotiations or even be present when an agreement is finally made *(Greene v Hellman,* 51 NY2d 197, 206). However, it is necessary that the broker do more than simply show the property to the ultimate purchaser *(Briggs v Rector,* 88 AD2d 778, 779). Even if the broker opens negotiations between the parties and abandons them after failing to bring the customer to the owner's terms, the owner is not liable for any commissions if he thereafter sells to the same person *(Salzano v Pellillo,* 4 AD2d 789, 790).

In the instant case, although Mailen showed Jamal the house, there was never any further contact by OYOR or

Reading Realty to either Cornazzani or Jamal. It therefore cannot be said that Mailen, or either agency, was an active participant in the ultimate sale *(see, Provost v St. Francis Commandery Hall Assn.,* 118 AD2d 922, 923), and Mailen apparently abandoned any plans he may have had to effect a sale *(see, Greene v Hellman, supra,* at 207). The totality of either agency's efforts at best was the one showing of the premises to Jamal and there is no evidence that plaintiffs initiated any negotiations or discussed with the parties any of the basic and important details which they would have had to agree upon to consummate a sale *(see, Levy Wolf Real Estate Brokerage v Lizza Indus.,* 118 AD2d 688, 689). Therefore, plaintiffs failed to present a prima facie case and dismissal of the complaint was warranted.

Finally, since we have determined that plaintiffs were not entitled to a commission, we need not address Cornazzani's remaining arguments presented on this appeal.

YESAWICH, JR., LEVINE and HARVEY, JJ., concur.

Judgment reversed, on the law, without costs, and complaint dismissed.