■ TERRY MANNING, Appellant, v BRIAR HALL NORTH, INC., Respondent.—In an action to recover a brokerage commission, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (Silverman, J.H.O.), dated February 1, 1988, as, after a nonjury trial, dismissed the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

We agree with the trial court that the plaintiff is not entitled to a brokerage commission since she was not the procuring cause of the sale *(see, Feinberg Bros. Agency v*

*Berted Realty Co.,* 70 NY2d 828; *Gordon v Hong,* 126 AD2d 514). The record indicates that the plaintiff's sole efforts with respect to the purchaser consisted of alerting him to the availability of the property during her telephone call to him on November 7, 1984, when the purchaser stated that he definitely was not interested in the property. The plaintiff did not show the purchaser the property, tell him the price of the property, introduce him to the seller or do any negotiating on his behalf. It was only through the efforts of another broker who contacted the purchaser several months later that the purchaser became interested in the property and ultimately purchased it, after almost two months of negotiations. Thus, the plaintiff was not the "direct and proximate link, as distinguished from one that is indirect and remote, between the bare introduction and the consummation" *(Greene v Hellman,* 51 NY2d 197, 206-207; *Levy Wolf Real Estate Brokerage v Lizza Indus.,* 118 AD2d 688, 689). Moreover, the record indicates that the plaintiff refused the defendant's specific request that she contact the purchaser in January 1985 to inform him that the price of the property had been substantially reduced, and thus abandoned any rights she may have had under the contract with respect to that purchaser *(see, Greene v Hellman,* 51 NY2d 197, 207, *supra).*

In addition, in light of the inclusion of the term "brokerage fee" in the agreement between the parties, we reject the plaintiff's claim that it did not obligate her to be the procuring cause of the sale. Furthermore, since it was plaintiff who drafted the agreement, it must be construed against her. "If there is any doubt or uncertainty as to the meaning of the disputed language in the brokerage agreement, all ambiguity must be resolved against the broker who prepared it" *(Graff v Billet,* 64 NY2d 899, 902; *151 W. Assocs. v Printsiples Fabric Corp.,* 61 NY2d 732, 734).

We have examined the plaintiff's remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Kooper and Spatt, JJ., concur.