■ THOMSON MCKINNON SECURITIES INC. et al., Appellants-Respondents, v JOSEPH CIOCCOLANTI et al., Respondents-Appellants.—Appeal by plaintiffs from that part of an order of Supreme Court, Westchester County (Vincent Gurahian, J.), entered on or about June 7, 1988, which granted defendants' motion for summary judgment dismissal of the first two causes of action, deemed an appeal from that part of the final judgment of said court and Justice entered April 10, 1989, which dismissed said two causes of action. On said appeal and defendants' appeal from that part of said judgment which awarded plaintiffs $2,000 plus interest, said judgment modified, on the law, the facts, and in the exercise of discretion, to the extent of vacating the award in plaintiffs' favor, dismissing the third cause of action as against defendant Turk Hill Realty, Inc., and remanding the third cause of action for further proceedings against defendant Cioccolanti, and the judgment is otherwise affirmed, without costs.

By agreement dated August 4, 1983, defendant Cioccolanti retained plaintiffs for 60 days as his exclusive agents in dealing with six specified lending institutions, including Westchester Federal Savings and Loan Association, in connection with efforts to obtain financing for his planned condominium project in Mount Kisco, New York. After 60 days, the relationship was to continue on a day-to-day basis until terminated by either side. The agreement provided that a commission would be payable to plaintiffs mortgage brokers if a commitment from one of the six designated lending institutions was procured by plaintiffs' efforts, accepted by defendant Cioccolanti, and the loan was closed. In the event plaintiffs failed to obtain financing or such financing was not acceptable to said defen-

dant, said defendant agreed to reimburse plaintiffs for out-of-pocket expenses up to $2,000. These terms were extended for an additional 60 days by agreement of November 23, 1983, and the relationship was, without dispute, terminated by April 1984. Plaintiffs brought the property to the attention of Westchester Federal Savings and Loan, whose vice-president expressed great interest in providing financing. The bank proposed a loan arrangement under which, *inter alia,* it would obtain a 25% interest in defendant developer's projected profits. Defendant Cioccolanti never accepted such terms and thus, the bank neither initiated its loan review process nor issued a commitment. Ten months after plaintiffs' termination, during which period plaintiffs made no efforts on defendant's behalf and defendant Cioccolanti endeavored to sell the entire project to third parties, defendant Cioccolanti was independently introduced to Westchester Federal Savings and Loan and proceeded to obtain a loan commitment from that institution which did not contain the profit participation term.

In these circumstances, the Supreme Court properly granted defendants summary dismissal of plaintiffs' breach of contract and quantum meruit causes of action. Plaintiffs' efforts failed to meet the conditions specified in the parties' agreement required to entitle them to recover commissions *(Graff v Billet,* 101 AD2d 355, *affd* 64 NY2d 899). The procurement of an expression of interest from the bank to lend funds did not meet the standard set by the parties' agreement—procurement of a *commitment* acceptable to defendant Cioccolanti. Nor can plaintiffs recover where they ceased all activities on defendant's behalf a year before the commitment actually issued by the bank *(Greene v Hellman,* 51 NY2d 197, 207; *Gabrielli v Cornazzani,* 135 AD2d 340, 343). Plaintiffs' claim of bad faith on defendant's part, preventing their performance, was conclusively negated by the absence of evidence that defendant had undertaken a scheme to avoid payment of a commission; evidence of defendant's cooperation with plaintiffs' attempts to secure financing and his forbearance in dealing with the six specified lending institutions during the period of the exclusive agency relationship; the passage of at least eight months between the end of the agency relationship and defendant's first contact with Westchester Federal Savings and Loan; defendant's intervening efforts to sell the entire project to third parties; and the significant difference in the financing terms between that proposed by the bank through plaintiffs in February 1984 and that obtained by defendant in March 1985.

We have examined plaintiffs' other contentions and find them to be without merit. We deem plaintiffs' appeal from that part of the order granting summary judgment dismissal to be an appeal from that part of the final judgment dismissing these two causes of action (*National Bank v Kory*, 63 AD2d 579).

We find, however, the Supreme Court erred in awarding plaintiffs judgment on the third cause of action for $2,000 plus interest for expenses. Plaintiffs did not seek such relief and did not present conclusive evidence that an unitemized, $2,000 bill from a consultant was related to their unsuccessful brokerage effort. Moreover, defendant Turk Hill Realty, Inc. never undertook responsibility for either plaintiffs' commissions or expenses. Concur—Ross, J. P., Milonas, Kassal, Wallach and Rubin, JJ.