■ George Spalt, Respondent, v Lager Associates et al., Appellants.—Yesawich Jr., J. Appeal from an order of the Supreme Court (Conway, J.), entered January 4, 1991 in Albany County, which, *inter alia,* denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff, a licensed real estate broker, commenced this action against defendants, Lager Associates, Benar Holding

---

2. That statute was amended in 1990 (L 1990, ch 190, § 268) and now provides a maximum penalty of $2,000.

Company, Streg, Inc. and Stanley Gertz, to recover a real estate commission allegedly due for a multiyear, multimillion dollar lease of the Gertz Department Store Building (hereinafter Gertz Building) in Queens County. The premises were owned by Benar and managed by Streg. In May or June 1980, Gertz, as president of Streg and an officer and principal shareholder of Benar, notified the State Office of General Services (hereinafter OGS) that space was available in the Gertz Building. OGS acknowledged receiving this information and advised that OGS would be in contact if it was interested. In the spring of 1981, while trying to procure OGS as a lessee of another building, plaintiff learned of the vacancy at the Gertz Building and contacted Gertz, who, on behalf of Benar and Streg, retained plaintiff to find a tenant for the building. Gertz authorized plaintiff "to negotiate on our behalf with the Office of General Services in accordance with the existing brokerage agreement" Benar and Streg had with brokers they usually employed.

After inspecting the building and receiving building drawings and fact sheets from Gertz, plaintiff contacted Joseph Siggia, an OGS employee responsible for identifying potential space to be leased for use by State agencies and offices that were planning to move out of the World Trade Center. Thereafter, plaintiff forwarded the building drawings and fact sheets to OGS, arranged a meeting to introduce Gertz and Siggia, set up an appointment for an initial inspection of the Gertz Building with Siggia and Gertz, attended a later inspection of the property for various members of OGS, and then set up a meeting at which Gertz and OGS met with architects to discuss details respecting renovation and alteration of the space within the Gertz Building to accommodate OGS' needs. At that meeting, held in November 1981, and by subsequent letter, Alan Guard of OGS informed Gertz that plaintiff did not represent OGS and could not produce a lease for the State; Gertz mailed a copy of this letter to plaintiff, but has stated in his deposition that nothing changed as a result of it. Thereafter, as part of the ongoing discussion regarding plaintiff's compensation, Gertz sent plaintiff a counterproposal. Meanwhile lease negotiations with OGS continued. Following the November 1981 meeting, plaintiff maintained communication with Siggia and Gertz by telephone and advised Gertz that he was available to assist him in the completion of the lease.

The following summer, just hours before the lease with OGS, which was seeking space for the Workers' Compensation

Board, fell through, Benar joined forces with Michael Lazar and formed Lager, a joint venture, and Gertz turned over to Lazar the responsibility for obtaining a tenant for the building. Sometime later, Lager became a limited partnership with Lazar as the general partner and Benar a 45% limited partner. In April 1983, Lager entered into a lease with OGS on behalf of four State agencies other than the Workers' Compensation Board. Lazar executed the lease on behalf of Lager; Lazar's associate, Matthew Russo, who apparently helped obtain the lease, was paid a broker's commission of $275,000. In November 1983 and again in June 1984, plaintiff wrote to Gertz claiming entitlement to a broker's commission of $528,000. In March 1984, almost a year after the lease had been entered into between Lager and OGS, Benar conveyed the Gertz Building to Lager. In August 1984, Gertz informed plaintiff that neither Benar nor Streg owed plaintiff any commission or other payment, giving as a reason that the Workers' Compensation Board did not become a tenant in the Gertz Building.

Plaintiff commenced this action in May 1985. Supreme Court denied defendants' motion for summary judgment, granted plaintiff's cross motion to compel examination of Lazar and Russo before trial, and granted plaintiff leave to amend his complaint to reflect any facts revealed by discovery. This appeal ensued.

A triable issue of fact exists regarding whether plaintiff was the procuring cause of the lease and hence is entitled to a commission; accordingly, we affirm the denial of defendants' motion for summary judgment. Viewing the record evidence in the light most favorable to plaintiff (see, Gabrielli v Cornazzani, 135 AD2d 340, 342; see also, Lane—Real Estate Dept. Store v Lawlet Corp., 28 NY2d 36, 42), it is clear that plaintiff did more than simply call the property to the attention of OGS (cf., Greene v Hellman, 51 NY2d 197, 205; Provost v St. Francis Commandery Hall Assn., 118 AD2d 922, 923). Admittedly, plaintiff was not involved in negotiating the specifics of the lease; nevertheless, his prior arrangement with Gertz to find a tenant for the Gertz Building, the fact that OGS displayed no real interest in the property until it was approached by plaintiff, the latter's involvement in arranging tours and meetings between the negotiating parties, Gertz and OGS, and the interlocking relationship between Benar, of which Gertz is a principal, and Lager, the eventual lessor (cf., Levy Wolf Real Estate Brokerage v Lizza Indus., 118 AD2d 688, 689), could support a jury's finding that plaintiff brought

together the minds of defendants and OGS *(see, Sibbald v Bethlehem Iron Co.,* 83 NY 378, 382; *Aegis Prop. Servs. Corp. v Hotel Empire Corp.,* 106 AD2d 66, 71). Even though plaintiff did not know which State agencies ultimately became tenants of the Gertz Building, because OGS is indeed the party that entered into the lease in question, plaintiff arguably created the amicable atmosphere and set in motion the chain of events that proximately led to its consummation *(see, Busher Co. v Galbreath-Ruffin Realty Co.,* 22 AD2d 879, *affd* 15 NY2d 992). That plaintiff did not negotiate the details of the lease is not an intractable impediment to his entitlement to a commission for, as was observed more than a century ago in *Sibbald v Bethlehem Iron Co. (supra,* at 382), a broker may "effectually produce and create the agreement, though absent when it is completed and taking no part in the arrangement of its final details" *(see, Salzano v Pellillo,* 4 AD2d 789, 790).

There being nothing in the record respecting what Lazar and Russo did to procure the lease and the extent to which they relied upon plaintiff's earlier efforts, summary judgment is premature *(see, Vermont Morgan Corp. v Ringer Enters.,* 92 AD2d 1020, 1021).

We need not address whether leave to amend was properly granted as the pretrial examinations of Lazar and Russo have apparently been completed. At this point, judicial economy will best be served if plaintiff is allowed to amend his pleading, if he is so inclined, without further application to Supreme Court.

Casey, J. P., Mikoll, Levine and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.