■ BOB HOWARD, INC., et al., Appellants, v PETER BALTIS et al., Respondents.—Crew III, J. Appeal from a judgment of the Supreme Court (Hughes, J.) in favor of defendants, entered April 29, 1991 in Albany County, upon a dismissal of the complaint at the close of plaintiffs' case.

Defendants owned 88 acres of real property in the Town of New Scotland, Albany County. Plaintiffs are real estate brokers who were given an "exclusive right to sell" the aforesaid property from April 1988 to April 1989. In June 1989 plaintiffs discussed defendants' property with a prospective purchaser and on August 4, 1989 plaintiffs showed defendants' property to that purchaser. On August 8, 1989 defendants told plaintiffs they were prepared to sell 10 acres of their property to the purchaser for $300,000. Plaintiffs advised the purchaser of that fact and the purchaser counteroffered to buy the 10 acres for $200,000. Defendants rejected that counteroffer.

Nothing further occurred until December 1989 when the purchaser went directly to defendants and repeated his willingness to purchase the 10 acres for $200,000, at which time defendants agreed and conveyed the property to the purchaser for said amount. Plaintiffs then commenced this action seeking payment of a commission. Following presentation of plaintiffs' case at a nonjury trial, Supreme Court dismissed plaintiffs' complaint on the ground that they were not the procuring cause of the sale of defendants' property. This appeal ensued.

In order to earn a commission on a sale of real property, a broker must procure a buyer ready, willing and able to purchase the property and must bring the minds of the parties to an agreement *(see, Gabrielli v Cornazzani,* 135 AD2d 340, 342). If the broker opens negotiations between the parties but then abandons them after failing to bring the prospective buyer to the seller's terms, the seller will not be liable for a commission even if thereafter selling to the same prospective buyer *(supra).* As has been observed, "[t]he broker takes the risk of bringing the minds of the parties together so as to effect a bargain, and if he fails the mere fact. that his efforts may have led to subsequent negotiations, which under more favorable circumstances have resulted in sale, does not alone entitle him to a commission" *(Miller v Vining,* 112 App Div 304, 305). Of course, if the seller acts in bad faith in rejecting an offer, his later sale to the same buyer would entitle the broker to a commission *(see, Douglas Real Estate Mgt. Corp. v Montgomery Ward & Co.,* 4 NY2d 33; 11 NY Jur 2d, Brokers, § 134, at 507).

In the case at bar, defendants unequivocally rejected the purchaser's first counteroffer. It was not until four months later that defendants agreed to convey the property in question to the purchaser after the latter had undertaken to contact defendants to initiate further negotiations. Supreme Court found, as a fact not contested on this appeal, that defendants acted in good faith and without the intent to deprive plaintiffs of their commission. Accordingly, the judgment must be affirmed.

Weiss, J. P., Mikoll, Yesawich Jr. and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.