■ HANDFORD PROPERTIES, INC., Appellant, v RICHMOND HILL SAVINGS BANK, Respondent. [609 NYS2d 228] —Order, Supreme Court, Nassau County (James Brucia, J.), entered on or about October 15, 1991, which, insofar as appealed from, granted defendant's motion for summary judgment to the extent of dismissing plaintiff's first cause of action, and, order of the same court and Justice, entered on or about February 27, 1992, which, inter alia, granted reargument, and, upon reargument, dismissed the second cause of action, unanimously affirmed, with costs.

In light of the fact that there is no evidence which indicates that defendant bank acted in bad faith in rejecting the one prospective buyer that plaintiff presented to the bank during its six month exclusive brokerage contract with the bank, and since the bank was under no obligation to identify to plaintiff the potential buyer to whom it was introduced during the exclusive period by an individual other than plaintiff, plaintiff has not demonstrated its right to a commission for the sale of the instant parcel of land which occurred months after the exclusive agency agreement expired. While defendant had an

obligation not to interfere with plaintiff's efforts to procure a buyer during the exclusive agency period, no such interference occurred here (see, Amies v Wesnofske, 255 NY 156, 163-164). Indeed, the bank properly refused to consummate a deal with plaintiff's prospective buyer only after the prospect refused to agree to pay certain real estate taxes during the option period (cf., Trylon Realty Corp. v Di Martini, 34 NY2d 899, affg 40 AD2d 1029). There is no evidence that the bank's rejection of said potential buyer was based on the bank's desire to avoid having to pay plaintiff its commission (see, Thomson McKinnon Sec. v Cioccolanti, 161 AD2d 523). Concur—Ellerin, J. P., Kupferman, Ross, Nardelli and Williams, JJ.