■ MOLLYANN, INC., Appellant, v CHRIS DEMETRIADES et al., Respondents, et al., Defendant. [614 NYS2d 437] —In an action to recover, *inter alia,* real estate brokerage fees pursuant to an alleged oral agreement, the plaintiff real estate broker appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered January 5, 1993, which granted the motion of the defendants Chris Demetriades and Chris Demetriades Development, Inc., for summary judgment dismissing the complaint insofar as it is as asserted against them.

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court that the plaintiff is not entitled to a brokerage commission, since it was not the procuring cause of the sale *(see, Feinberg Bros. Agency v Berted Realty Co.,* 70 NY2d 828; *Manning v Briar Hall N.,* 151 AD2d 650; *Gordon v Hong,* 126 AD2d 514). The record indicates that the plaintiff's sole efforts consisted of some brief contacts with the sellers with respect to the property and showing the prospective buyers the property. The best and the

only price offer the plaintiff obtained from the prospective buyers was less than what the sellers had originally set as the asking price. After the sellers rejected the offer, no further negotiations took place between the sellers and the plaintiff. Subsequently, the sellers negotiated an entirely different deal with the purchasers through a different broker, and the sale was consummated. In light of the foregoing facts, the plaintiff was not the direct and proximate link, as distinguished from one that is indirect and remote, between the bare introduction of the sellers to the buyers and the consummation of the sale *(see, Greene v Hellman,* 51 NY2d 197, 206-207).

We have examined the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., O'Brien, Ritter and Krausman, JJ., concur.