■ JAMES P. RYAN, Doing Business as HOLLAND LAND COMPANY & REALTY, Appellant, v EUGENE A. BETTIOL et al., Respondents. [620 NYS2d 625] —Yesawich Jr., J. Appeals (1) from an order of the Supreme Court (Ingraham, J.), entered June 25, 1993 in Madison County, which, inter alia, denied plaintiff's motion to compel discovery, and (2) from an order of said court, entered September 17, 1993 in Madison County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff brought this action to recover a commission allegedly due and owing for his services in procuring a lessee for real property owned by defendants in the City of Oneonta, Otsego County. After defendants answered the complaint, which asserted a single cause of action sounding in breach of contract, plaintiff moved to compel compliance with certain discovery demands previously served on defendants. Thereafter, defendants moved for summary judgment; plaintiff opposed that motion and cross-moved for, inter alia, permission to amend the complaint to assert two additional causes of action, one seeking reformation predicated on mutual mistake and the second based upon quantum meruit.

On the return date of the summary judgment motion, defendants delivered the documents requested by plaintiff, and after granting plaintiff additional time to review the information contained therein, during which plaintiff's proposed amended complaint was submitted, Supreme Court entered an interim order dismissing the discovery motion as moot, accepting the amended complaint for review and granting plaintiff permission to submit additional evidence in opposition to the

summary judgment motion. Following receipt of these submissions, the court simultaneously granted both the motion to amend the complaint and defendants' motion for summary judgment, dismissing all three causes of action. Plaintiff appeals from both the interim order and the final order granting summary judgment.

Plaintiff contends that the motion for summary judgment should have been denied, because once his motion to amend was granted, the amended complaint—though apparently not served, and therefore of dubious vitality (see, 6 Carmody-Wait 2d, NY Prac §§ 34:6, 34:7, at 54-56)—superseded the original complaint, and inasmuch as no answer to the new complaint had been served, issue had not been joined with respect thereto, precluding the granting of summary judgment (see, CPLR 3212 [a]; City of Rochester v Chiarella, 65 NY2d 92, 101; Schoenborn v Kinderhill Corp., 98 AD2d 831, 832; but see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:12, at 320-321). This argument is not particularly compelling, given that the parties charted their own procedural course and treated defendants' summary judgment motion as if issue had indeed been joined (see, Patten Corp. v Association of Prop. Owners, 172 AD2d 996, 999-1000). Beyond that, even viewing the motion as if joinder of issue had not occurred, an affirmance would still be dictated, for although couched in terms of a grant of permission to amend followed immediately by a dismissal, Supreme Court, in effect, denied the motion to amend on grounds of lack of merit (see, Mathiesen v Mead, 168 AD2d 736, 736-737; Hauptman v New York City Health & Hosps. Corp., 162 AD2d 588, 589; Moss v Kadish, 33 AD2d 1008, 1009), an observation with which we agree.

The breach of contract claim is clearly without foundation as the proffered agreement, by its terms, only entitles plaintiff to a commission if the property is sold, not if it is merely leased. The fact that a prior draft of the commission agreement—which was penned by plaintiff himself—expressly provided for a commission in the event of a lease, plainly indicates an intention to exclude such a transaction from the ambit of the finally executed agreement. Furthermore, we find plaintiff's attempt to characterize this omission as a "mutual mistake", and grounds for a reformation claim, specious.

In the absence of a contract that expressly provides otherwise, plaintiff cannot succeed in his attempt to obtain a broker's commission unless he can demonstrate that he was the procuring cause of the lease that was eventually executed

between defendants and Hannaford Brothers Company (hereinafter Hannaford) *(see, Greene v Hellman,* 51 NY2d 197, 205-206; *Douglas, Payton & Co. .v We're Assocs.,* 197 AD2d 559, 559-560). That has not been done.

Though it is undisputed that plaintiff informed Hannaford, in mid-1990, that defendants might have property available in Oneonta, and was present at an initial meeting between Hannaford representatives and the individual defendants on July 23, 1990, there is no evidence that his actions in any way prompted the lease negotiations, which did not begin until almost a year later. In fact plaintiff admits that he took "a wait and see approach" to the negotiations, and while his actions may not have constituted an "abandonment" *(but see, Greene v Hellman, supra,* at 207), it cannot be said that he "[brought] the minds of the parties to an agreement" with respect to the possibility of a lease *(Gabrielli v Cornazzani,* 135 AD2d 340, 342; *see, Spalt v Lager Assocs.,* 177 AD2d 879, 881-882). Significantly, there is no evidence that a ground lease, as opposed to an outright sale, had even been considered at the original meeting *(cf., Mollyann, Inc. v Demetriades,* 206 AD2d 415), and it was not until May 1991 that defendants began to discuss any of the "basic and important details" that would have to be addressed prior to execution of the lease *(Gabrielli v Cornazzani, supra,* at 343; *see, Lanstar Intl. Realty v New York News,* 206 AD2d 411, 412). In short, plaintiff has made no showing that would entitle him to prevail on a quantum meruit theory.

Plaintiff's other arguments, including those directed to his need for further discovery, have been considered and found wanting. Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the orders are affirmed, with costs.