■ GOLDSMITH MURPHY, INC., Respondent, v NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION, Appellant. [654 NYS2d 18] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered March 7, 1996, which, in an action to recover a real estate brokerage commission, denied defendant owner's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleges that it procured a tenant for part of defendant's space known as the Brooklyn Army Terminal, namely, the printing and mail sorting operations of Shearson Lehman Brothers ("Shearson") known as Shearson's "Security Processing Group". Shearson was purchased, or taken over, by Smith Barney, Harris Upham & Co., Incorporated ("Smith Barney"), an entity that already was a tenant at the Terminal. Smith Barney ultimately entered into a lease for the additional space on terms that, so far as it appears, were substantially the same as those that had been offered to Shearson a year earlier. The lease was executed only nine days before Smith

Barney changed its name to Smith Barney-Shearson, and plaintiff alleges, without any genuine opposition, that the operations that were formerly Shearson's Security Processing Group took actual occupancy of the space. We agree with the IAS Court that an issue of fact exists as to whether, *inter alia*, the procuring cause of the tenancy was plaintiff's good offices or Smith Barney's prior presence at the Terminal and fortuitous acquisition of Shearson. A change in a prospect's name or organizational structure is not necessarily dispositive of whether a broker "set in motion the chain of events that proximately led to [the transaction's] consummation" (*Spalt v Lager Assocs.*, 177 AD2d 879, 882). Concur—Milonas, J. P., Ellerin, Nardelli and Tom, JJ.