■ PARKWAY GROUP, LTD., Appellant, v MODELL'S SPORTING GOODS, Respondent. [678 NYS2d 656] —In an action to recover a broker's commission, the plaintiff appeals from an order of the

Supreme Court, Nassau County (Lally, J.), entered September 23, 1997, which granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The February 25, 1994, letter agreement acknowledged the right of the plaintiff (hereinafter the broker) to a commission in the event that a satisfactory subleasing deal was reached between the defendant and Pearl Art & Craft Discount Center (hereinafter Pearl Art) with regard to a certain store. We hold that, as a matter of law, the letter agreement did not confer upon the broker an exclusive agency or an exclusive right to negotiate with all other potential sublessors on the defendant's behalf (*see, Helmsley-Spear, Inc. v Melville Corp.*, 203 AD2d 517; *see also, Lanstar Intl. Realty v New York News*, 206 AD2d 411; *cf., Rachmani Corp. v 9 E. 96th St. Apt. Corp.*, 211 AD2d 262; *see generally*, 2 Warren's Weed, New York Real Property, Brokers, § 3.02 [2], [3] [4th ed]). Rather, by its very terms the agreement only served to provide for a commission in the event that Pearl Art and the defendant reached a satisfactory deal, a contingency that did not occur. Inasmuch as no prospective exclusive relationship existed, the broker was not entitled to a commission as it was not the procuring cause of the deal that ultimately closed between the defendant and Pearl Paint Co. (hereinafter Pearl Paint) (*see, Mollyann, Inc. v Demetriades*, 206 AD2d 415).

Even if the agreement had created an exclusive agency, the broker would not be entitled to a commission because the agreement provided only for a commission "at a rate to be negotiated". The agreement thus lacked an essential term as to the amount of the commission and constituted an unenforceable agreement to agree (*see, Cooper Sq. Realty v A.R.S. Mgt.*, 181 AD2d 551, 552; *accord, Hampton Realty v Conklin*, 220 AD2d 385; *Paladino v Brovitz*, 170 AD2d 958; *see also, Engle v Lipcross Inc.*, 153 AD2d 603).

Finally, assuming that the letter agreement memorialized some kind of exclusive brokerage arrangement, the broker would still not be entitled to a commission inasmuch as it clearly abandoned the transaction (*see, Ryan v Bettiol*, 211 AD2d 844; *Bob Howard, Inc. v Baltis*, 178 AD2d 740, 741; *Thompson McKinnon Sec. v Cioccolanti*, 161 AD2d 523; *Gabrielli v Cornazzani*, 135 AD2d 340, 342; *Salzano v Pellillo*, 4 AD2d 789, 790). Rosenblatt, J. P., Miller, Goldstein and McGinity, JJ., concur.