■ RAZILL CYNTHIA BECHER et al., Respondents, v JACOB FELLER et al., Appellants, et al., Defendants. [884 NYS2d 83]—

In an action, inter alia, to set aside a deed conveying real property, (1) the defendant Jacob Feller appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Kings County (Schack, J.), dated May 29, 2008, which, inter alia, granted that branch of the plaintiffs' cross motion which

was for summary judgment dismissing his affirmative defenses, (2) the defendant Julian Frankel separately appeals, as limited by his brief, from stated portions of the same order which, inter alia, denied his motion for summary judgment dismissing the amended complaint insofar as asserted against him, granted those branches of the plaintiffs' cross motion which were for summary judgment dismissing his affirmative defenses, and, among other things, voided and canceled the deed conveying the real property to him, and (3) the defendant Uziel Frankel separately appeals, as limited by his brief, from so much of the same order as granted that branch of the plaintiffs' cross motion which was for summary judgment dismissing his affirmative defenses.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendant Julian Frankel which was for summary judgment dismissing the sixth cause of action predicated on the Racketeer Influenced and Corrupt Organizations Act (18 USC § 1961 *et seq.*) insofar as asserted against him, and substituting therefor a provision granting that branch of the motion, and, (2) by adding thereto a provision, upon searching the record, awarding the defendants Jacob Feller and Uziel Frankel summary judgment dismissing the sixth cause of action predicated on the Racketeer Influenced and Corrupt Organizations Act (18 USC § 1961 *et seq.*) insofar as asserted against them; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs.

By declaration of trust (hereinafter the trust declaration) dated August 15, 1997, Jeno Ungar established "The Mazel Guaranty Trust" (hereinafter the trust) for the benefit of his children, their spouses, and their descendants. ARTICLE IX of the trust declaration appointed Rabbi Meier Weisz as trustee, and provided that if Rabbi Weisz "shall predecease the termination of any of the trusts created herein, or for any reason, shall cease to serve as such, then Nechama Weisz [Weisz's wife] shall be the successor trustee."

In addition, a resigning trustee was required to give 30 days' written notice to the remaining trustees. ARTICLE VI of the trust declaration authorized the trustee, in pertinent part, to sell or convey the trust's real property known as 1941 51st Street, Brooklyn, New York, "to a bona fide purchaser for the Property's fair market value upon the written and acknowledged consent of the Grantor's fourth born child on the condition the entire proceeds of such sale or conveyance is applied toward the purchase of another property." It is undisputed that the "fourth

born child" refers to Martin Ungar. Moreover, according to the plaintiffs, Martin suffers from mental impairment.

The plaintiffs allege that the defendant Uziel Frankel persuaded Martin to substitute Uziel's friend, the defendant Jacob Feller, as trustee of the trust to succeed Rabbi Weisz. The plaintiffs further allege that Uziel, Jacob, and the defendant Julian Frankel made a plan whereby Jacob, as trustee, would sell the real property owned by the trust, in which Martin, his wife Chana Ungar, and their five children resided. The proceeds of this sale were then to be used as a down payment for three properties located at 960-964 East 3rd Street in Brooklyn, with Martin to be given a partnership interest in those properties.

In contrast, the defendants contend that Martin was the originator of this real estate transaction, as evidenced by his admission that he persuaded Rabbi Weisz to resign as trustee so that Martin could participate in the real estate deal. However, even accepting the defendants' contention, the extent of Martin's initial participation in this scheme has no bearing on the sustainability of the transfer of the subject property in violation of the trust declaration. Notably, the purpose of the trust was to protect the subject property on behalf of Martin and his wife and children from irresponsible divestment. As such, it does not matter whether the divestment occurred because of Martin's incompetence, greed, or cupidity.

On December 31, 2003 Rabbi Weisz submitted his written resignation as trustee "for personal reasons" and appointed Jacob as successor trustee. The record does not demonstrate that the conditions set forth in Article IX of the trust declaration with respect to substitution of the trustee were met, i.e., that Nechama Weisz was given 30 days' notice of her husband's resignation as trustee and/or whether she declined to serve as successor trustee. Two weeks later, on January 15, 2004, Jacob conveyed, for a purchase price of $370,000, the subject property to Julian, by Uziel as "attorney in fact." There is no evidence in the record before us showing that the proceeds of this sale of the subject property by Jacob to Julian was used, as required under Article VI of the trust declaration, to purchase a home for Martin and his family.

Thereafter, Jacob, on behalf of the trust, commenced an arbitration proceeding in a rabbinical court (hereinafter the Beth Din) against Uziel and Julian, seeking to recover the $370,000 proceeds from the sale of the subject property. Neither the plaintiffs herein nor Martin were parties to the Beth Din proceeding. The Beth Din determined that Julian was the lawful purchaser and owner of the real property and directed him

to pay the trust the purchase price of $370,000 over 25 years with no interest, with only $50,000 to be treated as secured debt. It is noted that one week before the Beth Din proceeding, Julian had mortgaged the subject property with the defendant Fairmont Funding, Ltd. (hereinafter Fairmont), to secure a loan in the sum of $329,000.

The trust then filed a petition in the Supreme Court, New York County, to confirm the Beth Din award. Julian and Frankel did not oppose the petition. The Supreme Court granted the petition in a judgment dated September 2, 2004. The plaintiffs and Martin were not parties to the proceeding to confirm the Beth Din award.

The reliance by the defendants Julian, Uziel, and Feller on the Beth Din arbitration award and the judgment of the Supreme Court confirming such award, is misplaced. Julian, Uziel, and Feller committed misconduct, if not fraud, by concealing crucial information from those forums, including pertinent terms of the trust declaration and the terms of the sale of the subject property to Julian, and there was fraud in the very means by which judgment was procured in each of these venues. Accordingly, the judgments and all subsequent judgments based thereon, are jurisdictionally defective (*see Oppenheimer v Westcott*, 47 NY2d 595, 604 [1979]; *Fuhrmann v Fanroth*, 254 NY 479, 482-483 [1930]; *Yip v Ip*, 229 AD2d 979 [1996]).

Meanwhile, Julian had commenced a landlord-tenant holdover proceeding in the Civil Court, Kings County, against, inter alia, Martin and Chana, with the latter the only defendant to appear. By judgment dated September 1, 2004, Julian prevailed and obtained a judgment of eviction against Martin, Chana, and their family. The Civil Court noted that Julian's mortgage payments on the subject premises exceeded $2,000 per month. Execution of the judgment was stayed through November 30, 2005, on condition that Chana and Martin pay arrears in the sum of $6,432 within five days. Chana and Martin apparently failed to remit such amount. By order dated December 1, 2004, the Civil Court denied Chana's request to extend the stay and issued an order of eviction. Thereafter, Chana and Martin filed for bankruptcy, but their case was dismissed on April 26, 2005.

Thereafter, upon an application by Chana, the Supreme Court, Kings County, issued an order dated March 12, 2007, which, after a hearing, held that Martin "is an adult who is incapable of adequately prosecuting or defending his rights," and appointed Martin's sister, Razill Cynthia Becher (hereinafter Razill), as his guardian ad litem to represent his interests in the instant action.

In the instant action, commenced in May 2007 the plaintiffs, Razill as guardian ad litem for Martin, along with Chana, individually, and as mother and natural guardian of her and Martin's five minor children, all appearing individually and derivatively, as beneficiaries of the trust (hereinafter collectively the plaintiffs), asserted causes of action against, among others, Julian, Uziel, Jacob, and Fairmont seeking to impose a constructive trust over the subject property, to set aside the deed conveying the subject property to Julian, to cancel the mortgage with Fairmont that Julian had taken on the subject property, and to recover damages for fraud and illegal eviction. The plaintiffs alleged that Feller, Julian, and Uziel conspired together and engaged in a pattern of illegal and fraudulent activity to take advantage of Martin, a person with mental and psychological impediments, to obtain title to and possession of the subject property, which had been held in trust to provide a home for Martin and his family, and convey the subject property to Julian. In an amended complaint, the plaintiffs added, inter alia, a cause of action against Feller, Julian, and Uziel predicated on the Racketeer Influenced and Corrupt Organizations Act (18 USC § 1961 *et seq.*) (hereinafter RICO).

Julian moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against him. The plaintiffs opposed and cross-moved, inter alia, for summary judgment removing Jacob as trustee of the trust and appointing a substitute trustee to replace Jacob as trustee, compelling Jacob to render an accounting, and dismissing the affirmative defenses asserted by Julian, Jacob, and Uziel. The Supreme Court denied Julian's motion, finding that he failed to establish, prima facie, his entitlement to judgment as a matter of law. The court granted the plaintiffs' cross motion, finding that they established, prima facie, that Jacob's purported appointment as Rabbi Weisz's successor trustee violated the trust declaration, and thus, the court "voided and cancelled" all transactions flowing from Jacob's invalid trustee appointment, including the sale of the subject property to Julian, Julian's mortgaging of the subject property to Fairmont, and the eviction of Martin and his family from the subject property by Julian. We modify.

Preliminarily, the record indicates that the court considered Jacob's motion and the plaintiffs' cross motion before all of the defendants answered the amended complaint. Nevertheless, we do not dismiss their motions as premature and consider them on the merits "since the record is abundantly clear 'that the parties charted their own procedural course and treated [Jacob's] summary judgment motion as if issue had indeed been

joined' " (*Kline v Town of Guilderland*, 289 AD2d 741, 741 n*
[2001], quoting *Ryan v Bettiol*, 211 AD2d 844, 845 [1995]).

Turning to the merits, the Supreme Court correctly denied
those branches of Julian's motion which were for summary
judgment dismissing the first, second, third, fourth, fifth,
seventh, and eighth causes of action insofar as asserted against
him. Julian's submissions in support of his motion did not dem-
onstrate the absence of questions of fact as to those causes of
action. Triable issues of fact include Julian's roles in obtaining
title to the subject premises, allegedly defrauding Martin, and
participating in legal proceedings in furtherance of the alleged
scheme to defraud Martin and take the subject property from
him without remuneration. Since Julian failed to meet his
burden of establishing his prima facie entitlement to judgment
as a matter of law on those causes of action, it is unnecessary to
consider the sufficiency of the plaintiffs' papers in opposition
(*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Wine-
grad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Moreover, the affirmative defenses asserted by Feller and
Uziel were not substantiated with factual allegations and were
conclusory in nature. Accordingly, the Supreme Court properly
granted those branches of the plaintiffs' cross motion which
were for summary judgment dismissing the affirmative defenses
separately asserted by Feller and Uziel (*see* CPLR 3013, 3018
[b]; *Cohen Fashion Opt., Inc. v V & M Opt., Inc.*, 51 AD3d 619
[2008]; *Petracca v Petracca*, 305 AD2d 566, 567 [2003]).

However, the Supreme Court erred in denying that branch of
Julian's motion which was for summary judgment dismissing
the sixth cause of action insofar as asserted against him, which
alleged a civil RICO violation pursuant to 18 USC § 1962 (c). To
establish a cause of action based on a violation of 18 USC § 1962
(c), a plaintiff must demonstrate conduct of an enterprise
through a pattern of racketeering activity, meaning that the
racketeering predicates are related and amount to or constitute
a threat of continued racketeering activity (*see H. J. Inc. v
Northwestern Bell Telephone Co.*, 492 US 229, 239-240 [1989]).
Julian established, prima facie, that the plaintiffs failed to
satisfy the continuity element of a RICO cause of action because
the subject matter of the alleged scheme—to steal the subject
property from Martin, Chana, and their family—was limited to
one real estate transaction and spanned only one year, and
therefore did not amount to a conspiracy giving rise to a threat
of ongoing or future racketeering activity (*see Vicom, Inc. v
Harbridge Merchant Servs., Inc.*, 20 F3d 771 [1994]; *Thompson
v Paasche*, 950 F2d 306, 310-311 [1991]; *Feinstein v Resolution*

*Trust Corp.*, 942 F2d 34 [1991]; *Continental Realty Corp. v J.C. Penney Co., Inc.*, 729 F Supp 1452 [1990]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]).

Moreover, the Supreme Court should have, upon searching the record, awarded summary judgment to Feller and Uziel dismissing the sixth cause of action insofar as asserted against them as well (*see* CPLR 3212 [b]).

The defendants' remaining contentions are either not properly before this Court or without merit. Spolzino, J.P., Dillon, Florio and Belen, JJ., concur. [*See* 19 Misc 3d 1138(A), 2008 NY Slip Op 51060(U).]