Howard Hanna WNY, Inc. v Krog Group, LLC (2023 NY Slip Op 03589)

Howard Hanna WNY, Inc. v Krog Group, LLC

2023 NY Slip Op 03589

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

272 CA 22-00263

[*1]HOWARD HANNA WNY, INC., PLAINTIFF-APPELLANT,
T
v
HE KROG GROUP, LLC, WALDEN DEVELOPMENT GROUP, LLC, ELMWOOD BRYANT, LLC, AND PYRAMID BROKERAGE COMPANY OF BUFFALO, INC., DEFENDANTS-RESPONDENTS. 

COLLIGAN LAW LLP, BUFFALO (ERICK KRAEMER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
DUKE HOLZMAN PHOTIADIS & GRESENS, LLP, BUFFALO (CHRISTOPHER M. BERLOTH OF COUNSEL), FOR DEFENDANTS-RESPONDENTS THE KROG GROUP, LLC AND ELMWOOD BRYANT, LLC.
ZDARSKY, SAWICKI & AGOSTINELLI LLP, BUFFALO (GUY J. AGOSTINELLI OF COUNSEL), FOR DEFENDANT-RESPONDENT WALDEN DEVELOPMENT GROUP, LLC. 
COLUCCI & GALLAHER, P.C., BUFFALO (PAUL G. JOYCE OF COUNSEL), FOR DEFENDANT-RESPONDENT PYRAMID BROKERAGE COMPANY OF BUFFALO, INC. 

 Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered January 11, 2022. The order, inter alia, granted the motions of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, a real estate broker, commenced this action for, inter alia, breach of contract alleging that it was owed commissions on a sale of property from defendant Elmwood Bryant, LLC (Elmwood), a subsidiary of defendant The Krog Group, LLC (collectively, Elmwood defendants), to defendant Walden Development Group, LLC (Walden). Walden entered into a 180-day exclusive buyer representation agreement (representation agreement) with a salesperson for plaintiff (plaintiff's salesperson). After the representation agreement expired without an agreement between Walden and Elmwood, Walden engaged defendant Pyramid Brokerage Company of Buffalo, Inc. (Pyramid), who was able to negotiate an agreement with Elmwood for the sale of the property to Walden. The Elmwood defendants, Walden, and Pyramid moved separately for summary judgment dismissing the complaint against them. Supreme Court, inter alia, granted those motions. Plaintiff appeals, and we affirm.
We reject plaintiff's contention that there is a triable issue of fact whether it was the "procuring cause" of the sale of the property (Greene v Hellman , 51 NY2d 197, 206 [1980]). Defendants submitted evidence in support of their respective motions establishing that, in late 2015, plaintiff's salesperson was representing an unrelated third party for the purchase of the property. Elmwood provided financials for the property to plaintiff's salesperson, and plaintiff's salesperson calculated the value of the property at $3.01 million. Elmwood indicated that it would be willing to sell the property and pay plaintiff a 5% commission only if the selling price were closer to $3.4 to $3.5 million. The property did not sell at that time. After entering the representation agreement with Walden in January 2017, plaintiff's salesperson provided [*2]Elmwood with Walden's signed nondisclosure agreement. With Elmwood's approval, plaintiff's salesperson provided Walden with the same financials for the property that she had obtained a year earlier in connection with her representation of the other potential buyer. She also informed Walden that the property was valued at between $3.1 and $3.4 million.
Plaintiff's salesperson then recommended that Walden offer a $3.2 million "firm" purchase price for the property. She prepared a letter of intent for Walden to purchase the property from Elmwood for $3.2 million, which was signed by Walden's representative. Plaintiff's salesperson presented the offer to Elmwood with an explanation that the purchase price was firm. Elmwood's representative responded to plaintiff's salesperson that, while the offer was under consideration, a sale at that price seemed to have "marginal upside." Shortly thereafter, plaintiff's salesperson accompanied Walden's representatives on a tour of the property. Despite inquiries from plaintiff's salesperson, however, Elmwood's representative never gave any further feedback on the offer, and plaintiff's salesperson eventually stopped working on the deal in April 2017.
Defendants further submitted evidence establishing that Walden's representative spoke with a broker with Pyramid about a month before the representation agreement with plaintiff's salesperson expired. Walden's representative testified that he advised Pyramid's broker that the broker could not talk to anyone regarding Walden's interest in the property until the representation agreement expired. After the representation agreement expired, Pyramid provided Elmwood with a nondisclosure agreement signed by Walden and requested updated financials from Elmwood. Elmwood proposed a $3.6 million purchase price for the property. After several months of negotiations that included concessions of the broker's commission, Pyramid's broker was able to negotiate a sale of the property for $3.43 million. Elmwood's representative testified at his deposition that the offer presented by plaintiff's salesperson was never accepted because the price was too low, and Pyramid's broker averred that he did not utilize or rely on any information prepared or work done by plaintiff's salesperson.
We conclude, based on that evidence, that defendants met their initial burden on their motions of establishing that there was no "direct and proximate link . . . between the bare introduction and the consummation" (id. at 205; see Mollyann, Inc. v Demetriades , 206 AD2d 415, 415-416 [2d Dept 1994]). Inasmuch as plaintiff did not "bring the minds of the buyer and seller to an agreement for a sale, and the price and terms on which it is to be made," it had no right to commissions (Sibbald v Bethlehem Iron Co. , 83 NY 378, 382 [1881]; see Cushman & Wakefield v 214 E. 49th St. Corp. , 218 AD2d 464, 466 [1st Dept 1996], appeal dismissed 88 NY2d 951 [1996], lv denied 88 NY2d 816 [1996]; Bob Howard, Inc. v Baltis , 178 AD2d 740, 741 [3d Dept 1991], lv denied 79 NY2d 757 [1992]). Indeed, plaintiff's salesperson acknowledged at her deposition that the parties "still had a little way to go to hit a meeting of the minds," and that she had only "the beginnings of a deal that could have been negotiated." There were no negotiations that occurred with Elmwood after plaintiff's salesperson submitted the letter of intent with the "firm" purchase offer that was not acceptable to Elmwood. The burden thus shifted to plaintiff to raise a triable issue of fact (see generally Alvarez v Prospect Hosp. , 68 NY2d 320, 324 [1986]), and plaintiff failed to meet that burden. In particular, plaintiff failed to raise a triable issue of fact whether plaintiff's salesperson " 'created an amicable atmosphere in which negotiations went forward or that [she] generated a chain of circumstances which proximately led to the sale' " (Cappuccilli v Krupp Equity Ltd. Partnership , 269 AD2d 822, 823 [4th Dept 2000]).
We have considered plaintiff's remaining contentions and conclude that they lack merit.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court